CONABLE v. LYNCH.

1. **Principal and Agent:** CONDITIONAL SALE. A party who is authorized to sell goods for another, under a written contract not recorded, and is bound by the terms thereof to turn over the proceeds, whether in cash or notes, to his principal, and after a certain specified date to become liable for the payment of any unsold goods remaining in his possession, does not prior to that date hold the goods under a conditional sale, nor can a purchaser insist upon an off-set of any claim he may hold against the agent.

*Appeal from Buchanan Circuit Court.*

MONDAY, DECEMBER 11.

THIS cause was tried in the court below without a jury. The court made special findings of fact to which no exceptions were

taken. There was a judgment for plaintiff, and defendant appeals, claiming that the conclusion of law based upon the facts found is erroneous.

*Bruckart & Ney*, for appellant.

*Jamison & Begun*, for appellee.

ROTHROCK, J.—From the findings of fact it appears that one H. S. Berry, on the 25th day of January, 1876, entered into a written contract with the plaintiff to sell for him certain agricultural machinery. Said contract was not recorded nor filed for record. Under the contract Berry received and took into his possession a wagon together with other property. Berry had borrowed of the defendant herein the sum of $138, and representing to defendant that he owned the wagon desired to sell the same, and the defendant believing said representations to be true bought the wagon, giving Berry credit therefor in the sum of $85. Berry soon after left the State.

1. PRINCIPAL and agent: conditional sale.

Plaintiff demanded the wagon of defendant, who refused to deliver it up. Whereupon plaintiff instituted this suit in the form of replevin, and the question is as to the ownership of the wagon.

A determination of the rights of the parties depends upon the proper construction to be given to the contract between the plaintiff and Berry. The court below held that it was a contract of agency, and appellant insists that it was a conditional sale.

The contract states that Berry is the agent of Conable in the sale of the property, and it is agreed therein that Conable shall ship machines to Berry, and that he shall sell them to such persons only as are perfectly responsible, and take notes for deferred payments, and indorse and guarantee the payment of each note so taken. The notes were to be sent to plaintiff as the machines were sold, and the proceeds of all cash sales were to be promptly remitted to plaintiff, less the discount due Berry as his compensation.

The contract was to exist until the 1st day of August, 1875.

The clause of the contract which appellant relies on as showing a conditional sale of the property is in these words:

"And the said party of the second part hereby guarantees the sale of all the machines embraced in this agreement, the meaning and understanding of this guarantee being that in case these machines are not all sold during the continuance of this contract, then the party of the second part will make payment of such unsold machine, either in the notes of responsible farmers due at the dates, and indorsed and guaranteed in the form as hereinafter specified, or in other valuable consideration, at the option of the party of the first part; but all the machines shall remain the property of the said E. B. Conable, until so paid."

Defendant purchased the wagon of Berry about the 1st of July, 1875, while the contract in question was in full force, and while Berry was selling the property not on his own accounts but as the agent of plaintiff. He could only sell for cash or for notes on responsible parties, the payment of which he was bound for by his guarantee, and the cash and notes were to be immediately delivered to plaintiff. He had no right to sell the property in payment of his own debts.

The effect of the clause of the contract in question was this: Berry was to continue to sell the machines and property until the 1st of August, 1875, as the agent of plaintiff, and any that might remain unsold at that date he was to take and pay for in notes, or in other valuable considerations.

If the sale to appellant had been made after the first of August, being after the time Berry was authorized to sell as agent, we believe the position of appellant's counsel would be correct. Berry would then be holding the property under a conditional sale, and, under section 1922 of the Code, an innocent purchaser from him would be protected. It was only such of the property as might remain unsold, which was to be paid for by the agent and then become his property.

AFFIRMED.