WARDER, MITCHELL & Co. v. HOOVER & Co. ET AL.

1. Replevin: NOTICE TO OFFICER: FAILURE TO GIVE. In an action of
   replevin for property in the hands of an officer, wherein the plain-
   tiffs fail in their petition to aver notice of their claim of ownership
   to the officer, the defendant cannot be permitted, after the testimony
   in the case has been submitted, to avail himself of the want of notice.

2. Contract: SALE. Where the agreement is that goods are to be paid for
   in cash on delivery, and the goods are delivered, the sale is complete,
   whether the payment is made or not.

*Appeal from Scott Circuit Court.*

SATURDAY, JUNE 14.

ACTION to replevy certain agricultural machinery. The
defendant Leonard, as sheriff, had seized the same under
execution, upon a judgment in favor of the defendants Hoover
& Co., and against one M. L. Hurd. There was a trial by the
court and finding that the property belonged to the plaintiffs,
but that no notice of their claim of ownership had been served
upon the sheriff. Judgment was accordingly rendered in their
favor for the property, but against them for the costs. The
defendants appeal.

*A. J. Hirshl*, for appellant.

*W. S. Myton* and *Bills & Block*, for appellees.

ADAMS, J.—The defendants insist, in the first place, that
the court should have rendered judgment against the plain-
tiffs for the property, without regard to the own-
ership, and solely by reason of a want of notice
of a claim of ownership. Upon this point we
have to say that a want of notice would have been a com-

1. REPLEVIN:
notice to offi-
cer: failure
to give.

plete defense if the defendants had insisted upon it at the proper time and in the proper manner. *Kaster & Farwell v. Pease,* 42 Iowa, 488; *Finch v. Hollinger,* 43 Iowa, 598. But it appears that, while no notice was averred by plaintiffs in their petition, the defendants proceeded to trial, without either demurring to the petition or averring in their answer a want of notice. It is true that after both plaintiffs and defendants had rested the defendants, by way of amendment to their answer, set up the want of notice, and after that some further testimony was introduced.

The object of a provision for notice is to enable the officer to call for an indemnifying bond. The notice, strictly considered, is not involved in the merits of the case. It pertains to the remedy. When, therefore, an officer proceeds to trial of an action upon the simple issue as to the right of property, he may be considered as evincing a willingness to abide by the determination of that issue, and as waiving what the law has provided for his protection against the action. We are inclined to think that where the plaintiff has committed the oversight of failing to give notice it should be his right, before trial, by payment of the costs, and by restoration of the property, so as to put the officer in *statu quo,* to have his action dismissed without prejudice. But whether this be so or not, we think that after the defendant has put the plaintiff to the expense of establishing a right of property, he should not be allowed by pleading a technical defense to defeat the action irrespective of the right of property. It is quite enough, we think, if in such a case he is allowed to recover costs.

II. But the appellants insist that, taking the facts to be as found, the plaintiffs have not established in themselves the right of property, and must fail for this reason, if not for want of notice. The property may be considered under two classes—the machinery proper, and what is denominated "extras." The facts as found in relation to the first class are that at the time of the levy the property was in the possession of the execution defendant Hurd and one Parmalee,

who were doing business as partners under the name of Parmalee & Hurd, having been received by them from the plaintiffs under a written contract to be sold by them for the plaintiffs on commission. So far it would appear clearly enough that the property belonged to the plaintiffs. But the contract is set out as a part of the finding of facts, and by that contract it appears that machinery not sold by Parmalee & Hurd, prior to August 1, 1876, should be paid for by them. The levy was made in December, 1876. It is insisted by appellants that while Parmalee & Hurd might have sustained to the plaintiffs the relation of commisson agents prior to August 1, 1876, they became on that day, under the contract, purchasers of the machinery remaining in their hands. Appellants rely upon *Conable v. Lynch*, 45 Iowa, 84. We might concede this to be correct so far as the written contract is concerned, but the court found that this contract was modified by an oral agreement whereby Parmalee & Hurd were to have the right to return the unsold machinery instead of purchasing it. When this oral modification was made does not appear, but if it was made before the day on which Parmalee & Hurd, under the written contract, were to take and pay for the machinery remaining in their hands, then it had the effect to eliminate from the written contract the provision in regard to purchasing before any purchase could have taken place, and none did take place. For the purpose of upholding the decision we may presume that the modification was made before that time. We think that the title to this class of property did not pass from plaintiffs.

III. The finding in regard to extras was different. It is in these words: "I find that 'extras,' so called, were also 2. CONTRACT: furnished by the plaintiffs to Parmalee & Hurd, sale. to be by them sold on commission, but that they were required to pay for them in cash, on delivery, with the right to return all unsold portions thereof." Where the agreement is that goods are to be paid for in cash, on delivery, and the goods are delivered, it appears to us that there is a

sale, whether the payment is made or not. The condition, as in this case, that they may be returned if not sold, is a condition that the sellers will repurchase. We see no way to escape the conclusion that the "extras" were sold by plaintiffs. It is true the court found that they were furnished to Parmalee & Hurd, to be sold by them on commission, which would be inconsistent with ownership on their part. But we think that the conclusion of the court that the "extras" were furnished to be sold on commission must have been found from the fact that Parmalee & Hurd received them at a discount from retail prices, with a right to return. But whether so or not, the finding that they were to pay for them in cash, on delivery, we must regard as of controlling importance, being the finding in which the court would be least likely to be mistaken, because it involves what is more strictly a fact as distinguished from a conclusion.

It is argued by plaintiffs that the meaning of the finding is that Parmalee & Hurd were to pay for the "extras" in cash on delivery by them to the persons to whom they should sell, and not on delivery by plaintiffs to them (Parmalee & Hurd). This construction, if allowable, would obviate the inconsistency to which we have referred. But we are forced to say that the construction does not appear to us to arise naturally enough to justify us in adopting it.

It is argued that if there was a sale, it was a sale to Parmalee & Hurd, and that the execution upon which the property was seized was against Hurd alone, and that, therefore, the seizure was not justifiable. That question, we think, cannot arise in this case. If the plaintiffs are not entitled to the property they must fail. We conclude from the finding that they are not entitled to the extras, and in allowing plaintiffs to recover them we think the court erred.

REVERSED.