HENNEY BUGGY COMPANY, Appellant, v. J. S. CATHELS and
J. S. BANKER.

**Sale or Bailment:** *Agency*. An agent of a buggy company took a
written order for a lot of buggies, "terms 6——note or acceptance,
5 per cent. discount for cash in thirty days from date of invoice."
The order was taken subject to the company's approval, and not
subject to countermand if approved. The title of the buggies was
to remain in the company until the same, and all proceeds thereof,
were settled for in cash. Its responsibility was to cease upon
their delivery to the carrier, and the bill of lading receipted. The
shipment was subject to reweighing by the carrier, and all freight
overcharges were to be adjusted by the consignee, with the company's assistance, if desired. *Held*, that the order did not make
the consignee the company's agent for the sale of the buggies, but
constituted a sale to him.

**Review:** *Finding of facts*. Where there is evidence to support a
finding of fact by the court, it will not be disturbed.

*Appeal from Clarke District Court.*—HON. H. M. TOWNER,
Judge.

FRIDAY, DECEMBER 15, 1899.

ACTION at law to recover possession of specific personal
property. Trial to the court. Judgment for defendants,
and plaintiff appeals.— *Affirmed*.

*W. S. Hedrick* for appellant.

*Jamison & Park,* for appellees.

DEEMER, J.— Plaintiff claims that it delivered some of
the property in controversy to defendant Cathels, to be sold
on commission with the agreement that the title should
remain in it until settled for in cash; and that the remainder
of the property was sent to Cathels for storage, and not for
sale. Defendant Banker is the assignee of Cathels, and he

and his assignor deny the plaintiff's claim, and further plead that Cathels purchased the property from the plaintiff.

The sole question in the case is, was the contract between plaintiff and Cathels a sale or a bailment? An agent of the plaintiff company took orders for buggies from defendant Cathels, and forwarded to his company orders signed by him, or by Cathels, the material parts of which are as follows: "Henney Buggy Co.: Please ship at once, or as soon after as possible, the following described vehicles, terms 6—— note or acceptance, 5 per cent: discount for cash in 30 days from date of invoice. This order is taken subject to the approval of the Henney Buggy Co., and, if approved, is not subject to countermand, nor will any other agreements, conditions, or stipulations verbal or otherwise, except those mentioned in this contract, be recognized. The title to the goods for which this order is given is to remain in the Henney Buggy Co. until the same, and all proceeds of the same, are settled for in cash. After goods are delivered to railroad company, and bill of lading receipted, the responsibility of the Henney Buggy Co. ceases. All goods subject to re-weighing by railroad company. All freight overcharges to be adjusted by consignee, with assistance of Henney Buggy Co., if desired. [Signed] J. S. Cathels. H." Whether or not any of the goods in controversy were sold under such orders is a matter in dispute. If they were, it is clear that such orders did not make defendant Cathels an agent for the sale of the goods so ordered. But there was evidence from which the court may have found that Cathels purchased the goods, and was at all times treated as the debtor of plaintiff, rather than as its agent; and, as the finding of the court has the force and effect of the verdict of a jury, we cannot interfere.

Plaintiff does not claim that there was a conditional sale; hence we need not consider the effect of the provision reserving title. It is argued that some of the goods were

sent to Cathels for storage, and. that he never obtained. title thereto. That he did not order them is conceded, but, the trial court was justified in finding that, after Cathels. received the goods, an arrangement was made whereby they became his property. It appears that he accepted the terms offered by the agent, and paid the freight thereon, amounting to some thirty-five or forty dollars. The legal propositions are all ruled by *Plow Co. v. Clark,* 102 Iowa, 31, and need not be further elaborated. The judgment has support in the evidence and is AFFIRMED.

GRANGER, J., not sitting.