WILLIS NORTON & Co., Appellant, v. ROSA FISHER *et al.*

**Factors:** WHAT IS CONDITIONAL SALE TO. Where goods are consigned to a factor to be sold and accounted for by him as provided by a written contract, stipulating that he shall buy at a 1 fixed price all goods remaining unsold on a certain date and that the title shall not vest in him until the purchase price shall be paid in full, the goods remaining unsold after said date are held by him as owner under a conditional sale, and not as agent.

MORTGAGEE OF FACTOR. *Rights Against Consignor.* His mortgagee 2 for value without notice, after such date, is entitled to such goods against the consignor.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

SATURDAY, APRIL 13, 1901.

By the terms of a written contract dated Fedruary 26, 898, the plaintiff agreed to furnish L. H. Fisher 500 half sacks of flour, at $4.90 per barrel, to be sold by the latter, as plaintiff's agent, at not less than the price named, and he was to render an account 30 days after shipment, with remittance for all sold, and every 30 days thereafter. "And if any of said merchandise is unsold at the end of 90 days from the date hereof, he will buy the same at the above-named price, and pay Willis Norton & Co. in cash therefor; but it is expressly agreed that the title, ownership and right of possession of said property shall be in said Willis Norton Co. until the same shall be paid for in full." On the eleventh of March following, Fisher, after explaining his situation somewhat, requested shipment at once, saying he would guarantee the money as per contract, and added: "If you so choose, you can draw on us for one-third amount every thirty days." The flour was shipped March 14th, and terms were stated in the invoice to be "30, 60, 90 days,"

and that "amount of money to be accounted for to us on this consignment is $612.50, less freight." On the twenty-first of the same month plaintiff sent Fisher a statement, and drew on him for $192.96, which was one-third of the price of the flour, less freight, as per his letter. Fisher paid the freight and $170 on this draft May 30th, when he promised another payment about the tenth or twelfth of June. The plaintiff sent a statement on the fourteenth of June and drew for one-half of the balance of $408.33, saying: "Please honor when presented. We will extend the time of the consignment 30 days, as the above should be closed by to-day, if first and second remittances have been made on time." Fisher advised the plaintiff on June 30th that he had on hand 230 sacks of flour, and would do his best to settle for flour sold next Wednesday, the 6th." On the fifth of July he executed a chattel mortgage on the flour and other property to his mother, Rosa Fisher, to secure an indebtedness of $1,800. The validity of this mortgage is not questioned. The only issue presented in this action for the possession of the flour was whether Fisher held it as plaintiff's agent or as the owner under a conditional sale. The district court, taking the latter view, directed a verdict for the defendant. From judgment entered thereon, the plaintiff appeals.—*Affirmed.*

*Watson & Weber* for appellant.

*Casey & Stewart* for appellees.

LADD, J.—That Fisher was the mere agent of the plaintiff for the sale of the flour within 90 days following the execution of the contract appears from *Norton v. Melick,* 97 Iowa, 564, but by the terms of the instrument the relation of the agent ceased at the end of that period, and he became purchaser of that which remained, though title was not to pass till payment. The most approved test to be applied to such contracts lies in ascertaining whether there was

a promise to pay for the goods. If so, as a general rule the transaction will be declared a conditional sale rather than a bailment. *Bentley v. Snyder*, 101 Iowa, 1; *Norwegian Plow Co. v. Clark*, 102 Iowa, 31. Here there was an explicit agreement to buy at a fixed price, and pay for all flour remaining undisposed of "at the expiration of 90 days from the date of the contract." Fisher was made agent for the flour sold within this period, but purchaser of that on hand at its expiration. The facts of the case bring it squarely within the rule recognized in *Conable v. Lynch*, 45 Iowa, 84.

The appellant argues on the theory that time must be computed from the date of shipment. If this were to be conceded, still the mortgage was executed after the lapse of 90 days. True, plaintiff advised Fisher of an extension of time June 14th, but without his request, and he does not appear to have assented to the proposal. He was then purchaser under the terms of the agreement, on condition that the title should not pass till payment, and this situation could not be changed by the mere suggestion of plaintiff without his acquiescence. As Fisher was in possession under a conditional sale, the mortgagee for value and without notice was entitled to protection.—AFFIRMED.