JAMES A. LENNON *vs.* L. A. W. ACCEPTANCE CORPORATION OF RHODE ISLAND.

JULY 2, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney and Barrows, JJ.

(1) *Automobiles. "Owner."*

Pub. Laws, 1927, cap. 1040, sec. 3, provides that "whenever any motor vehicle shall be used or operated upon any public highway of this State with the consent of the owner or lessee or bailee thereof, express or implied, or under any agreement with such owner or lessee or bailee, express or implied, the operator thereof, if other than such owner, shall in case of accident, be

deemed to be the agent of the owner, of such motor vehicle and the agent of such lessee and of such bailee."

Cap. 98, sec. 1, par. 9, Gen. Laws 1923, to which cap. 1040 is made supplementary defines "owner" as including "any person, firm, co-partnership association or corporation holding title to a vehicle or having the lawful possession or control of the same under a written sale agreement."

*Held*, that in respect to the parties to a conditional sale lease, the party intended under the term "owner" in cap. 1040, sec. 3, was the *buyer*, and a finance company to whom the lease and notes of the purchaser of a car had been assigned by the seller, was not the *owner* within the meaning of Section 3.

Trespass on the Case for negligence.   Certified from a District Court under G. L., cap. 348, sec. 5.

Stearns, J.   This is an action on the case for negligence which was brought in the Sixth District Court and is now in this court on an order of certification by said court. (G. L. 1923, C. 348, s. 5.)

Plaintiff sues to recover for damage to his automobile caused by the negligent operation of an automobile by one Alfred H. Cann.   The automobile, which was driven by Cann, was sold to him by an automobile sales company under a written agreement in the usual form of the so-called "conditional sales contract" whereby title to the automobile is retained by the seller until full payment is made by the buyer and all other conditions are performed.   After the sale on June 22, 1927, the sales company, for value received, endorsed and delivered to defendant the promissory notes of Cann and assigned to defendant the agreement and all title and interest in the automobile.   This action is brought against the defendant as the alleged owner of said automobile, under Section 3, Chapter 1040, Public Laws 1927. "Sec. 3.   Whenever any motor vehicle shall be used or operated upon any public highway of this state with the consent of the owner or lessee or bailee thereof, express or implied, or under any agreement with such owner or lessee or bailee, express or implied, the operator thereof, if other than such owner, shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the agent

of such lessee and of such bailee. The provisions of this section shall apply only to accidents which occur subsequent to the time when this act goes into effect."

Defendant demurred to the declaration and, after a hearing, the following question has been certified to this court:

"If the owner of an automobile sells and delivers it under a so-called agreement of conditional sale whereby title to such automobile is reserved in such owner until payment is made by the purchaser of the unpaid balance of the purchase price thereof (represented by an installment promissory note of such purchaser payable to such owner) and such owner thereafter assigns such conditional sale agreement and such reserved title to an automobile finance corporation purchasing for value such promissory note of the purchaser, is such automobile finance corporation thereupon to be deemed the 'owner' of such automobile within the meaning of Section 3 of Chapter 1040 of the Public Laws of 1927 to the end that a person having suffered injury by reason of the negligent operation of such automobile upon a public highway in Rhode Island by such purchaser is entitled as a matter of law to recover damages from said automobile finance corporation for such injury?"

Chapter 1040, P. L. 1927, by Section 5 is expressly declared to be supplementary and in addition to Chapter 98, "Of motor vehicles and the operation thereof," and Chapter 254, G. L. 1923, of public motor vehicles, and all acts in amendment thereof and in addition thereto. Section 3 is thus made a part of said chapters and is to be construed in connection therewith.

In Section 1, paragraph 9 of Chapter 98 the word "owner" is defined as follows: " 'Owner' shall include any person, firm, co-partnership, association or corporation holding title to a vehicle or having the lawful possession or control of the same under a written sale agreement."

A sale of personal property upon condition by which possession has been transferred to the buyer but title to the property has been retained by the seller until full payment

of the purchase price, is a conditional sale, not a mortgage, and is valid. *Arnold* v. *Chandler Motors of R. I., Inc.*, 45 R. I. 469.

Under the statutory definition in the act, the word "owner" may mean either the seller or the buyer under an agreement for conditional sale. The operator, in the language of the act, is deemed to be the agent of the owner. The inquiry then is, which one of the two parties answering to the description of owner is referred to in Section 3. The provisions of this section become operative only on the happening of an accident and when the use of the motor vehicle is by the express or implied consent of the owner or lessee or bailee. The lessee and bailee have possession but not title. The inclusion of the owner in the same class with the lessee and bailee seems to indicate that the person having the actual possession of the vehicle, and consequently the ability to give physical possession to the user of the vehicle, is the owner to whom the provisions of this section were intended to apply. The buyer under an absolute sale has the rights of ownership, one of which is use. In a limited sense it may be said that the seller consents to the use by the buyer of any property which is sold. But in the absence of other agreement, such consent is to the lawful use only. The buyer can not lawfully operate the vehicle until it is registered and the State has certified his qualification and licensed him to operate. Neither the seller nor the buyer is required to register the vehicle unless it is used on the public highways. A dealer may register each automobile "owned or controlled" by him or may, upon application for a general distinguishing mark, secure a certificate of registration for all of such automobiles, which is valid for each until it is sold or let for hire or loaned for a period of more than five successive days. (C. 98) Section 3, C. 670, P. L. 1925, provides that if the owner of a registered motor vehicle "shall have transferred his interest therein" to some other person, such registration shall immediately expire. It is not necessary to have the complete and ex-

clusive ownership to secure registration. The buyer of a motor vehicle under an agreement for conditional sale is entitled to have registration of such vehicle as the owner thereof. This has long been the established practice in this State and is in conformity to the statutes. One reason for requiring registration of and the affixing of number plates to each automobile, is to give to a person injured by the operation of such vehicle an opportunity to identify the owner. Section 27, C. 98, provides that any person who shall operate any motor vehicle upon a public highway without the consent of the owner of such vehicle shall be fined or imprisoned.

It is clear that the owner referred to in Section 27 is the buyer, not the seller, as the latter could give no valid consent to a third person to use the buyer's vehicle. So, when Section 3 provides an increased liability for damage done by operation of the vehicle with the consent of the owner, we think the owner intended therein is the buyer. The legislature presumably intended to increase the security for injury caused by negligent operation,—not to add uncertain and indefinite burdens to the sale of automobiles.

For the reasons stated our decision is that defendant, the automobile finance corporation, is not the owner of the automobile within the meaning of said Section 3.

The papers in the cause with our decision certified thereon are sent back to the District Court of the Sixth Judicial District for further proceedings.

*Littlefield, Otis & Knowles, Fred A. Otis*, for plaintiff.

*Hinckley, Allen, Tillinghast & Phillips, Roger T. Clapp, Abbott Phillips*, for defendant.

*Charles P. Sisson, Atty. Gen., Oscar L. Heltzen, Asst. Atty. Gen.*, for State Board of Public Roads.

*Comstock & Canning, John E. Canning, William A. Graham, Albert A. Baker, Lee & McCanna, amici curiæ.*