STATE OF IOWA, Appellee, v. A CERTAIN AUTOMOBILE et al., Appellants.

No. 38751.

SEPTEMBER 28, 1928.

OPINION ON REHEARING JUNE 24, 1929.

*E. H. Lundy*, for appellants.

*John Fletcher*, Attorney-general, *Neill Garrett*, Assistant

Attorney-general, and *Roy L. Pell*, County Attorney, for plaintiff, appellee.

*F. E. Northup*, for G. W. Jester, appellee.

STEVENS, J.—This is a proceeding under Chapter 251 of the Code of 1924, for the forfeiture of a certain automobile admittedly employed by one G. W. Jester, who purchased and held possession thereof under an unrecorded conditional sales contract, for the illegal transportation of intoxicating liquor. Thomas & Bremer, Incorporated, the seller under the conditional sale contract, by the terms of which title was reserved in it until the purchase price was fully paid, and John C. Lundy, assignee of said contract for the purpose of collateral security, intervened, alleging ownership of the automobile in the seller. A trial was had upon a stipulation of facts, which resulted in a judgment of forfeiture and an order of sale of the automobile. From this judgment the defendant and interveners appeal.

It is stipulated that the seller, prior to the sale, had fully complied, as dealer, with the Multiple Registration Law, and that the automobile was also duly registered by Jester, and license issued to him.

Section 2012 of the Code makes the owner, or any lien holder, a permissible claimant of an automobile seized by a peace officer upon the ground that it has been, or is being, used for the illegal transportation of intoxicating liquor. When the claimant is the owner, he must prove title; that he neither knew nor had reason to suspect that the vehicle was being employed in the illegal transportation of liquor; and that it was registered in his name prior to the seizure. If the claimant is a lien holder, he must prove that his lien was duly recorded prior thereto.

It is admitted that the sale contract was not recorded prior to the seizure. While there may be other questions in the case, it may readily be disposed of on a single proposition. Was the claimant the owner of the automobile or a mere lien holder? If the latter, then, of course, the judgment of forfeiture must be sustained. We think it was clearly the intention of the seller, under the terms of the conditional sale contract, to transfer immediate ownership of the automobile to the purchaser, subject only to reservation of the title in it as security for the purchase

price. This constituted a conditional sale, under the definition many times repeated by this court, and the claimant, failing to prove that the contract, which gave it a lien only, was recorded prior to the seizure, must fail. *Donnelly v. Mitchell,* 119 Iowa 432; *Firestone Tire & Rubber Co. v. Anderson,* 190 Iowa 439; *Kammeier v. Chauvet,* 186 Iowa 958.

The purchaser was given the immediate possession of the automobile, and caused it to be registered in his name, and a license to be issued to him as owner. This was with the permission of the seller. Nothing remained to be done by the purchaser but to make payment according to the terms of the contract. Section 9947 of the Code has no application to the case. The judgment of forfeiture and order of sale was proper.—*Affirmed.*

ALBERT, C. J., and FAVILLE, DE GRAFF, and MORLING, JJ., concur.