UNIVERSAL CREDIT COMPANY, Appellee, v. M. G. MAMMINGA, Sheriff, Appellant.

No. 41468.

JUNE 24, 1932.

J. H. Henderson, Commerce Counsel, Stephen Robinson, Assistant Commerce Counsel, and Edward A. Ruppelt, County Attorney, for appellant.

Willoughby, Strack & Sieverding, for appellee.

FAVILLE, J.—The facts in this case are undisputed. One Bert Alexander was engaged in business as a motor carrier. He applied to the Board of Railroad Commissioners for a certificate to operate as a motor carrier in interstate carriage of freight between Des Moines and Chicago. The Board of Railroad Commissioners granted him such authority on February 6, 1931. Pursuant to said authority the said Alexander operated four motor trucks over the highways of the state of Iowa between Des Moines and Clinton, Iowa, for the months of February to September, inclusive.

It appears of record that on or about the 20th day of April, 1931, the said Bert Alexander purchased the Ford truck above referred to of the Wood Auto Company of Conrad, Iowa, and

that said purchase was made under a conditional sales contract. On October 1, 1931, Alexander was in default on his tax as a motor carrier $303.58. On October 3, 1931, the appellee repossessed said truck under its conditional sales contract. On October 8, 1931, the Board of Railroad Commissioners issued its warrant to collect said tax, and on October 9, 1931, the sheriff seized said truck under said warrant.

Code Section 5105-a41 provides for the imposition of a tax in addition to the regular license fees or taxes against every motor carrier "for the maintenance and repair of the highways" in certain amounts fixed by statute.

Code Section 5105-a48 provides for notification by the Board of Railroad Commissioners to all motor carriers of the amount of tax due from them for the preceding month, said notice to be made on or before the last day of each month, and provides that said tax shall be paid to the commissioners on or before the 15th of the following month.

Code Section 5105-a49 provides for certain penalties if default is made in the payment of said tax.

Code Section 5105-a50 is as follows:

"Taxes and penalties shall be a first lien upon all the property of the motor carrier."

Code Section 5105-a51 is as follows:

"If payment is not made on or before sixty days from the date when the tax is payable, the property of the carrier, or so much thereof as may be necessary, may be sold to satisfy the said taxes and penalty, interest, and costs of sale."

The pertinent portions of said conditional sales contract are as follows:

"Title to said property shall not pass to the purchaser until all sums due under this contract are fully paid in cash. Checks, drafts, etc., are accepted subject to final payment in cash. Payment to anyone other than Universal Credit Company does not constitute payment hereunder. * * * The purchaser shall keep said property free of all taxes, liens, and encumbrances; shall not use same illegally, improperly or for hire; shall not remove same from the state or transfer any interest therein without written consent of the seller."

The conditional sales contract then makes provision for the right of repossession of said car on the part of the seller, with the right to resell the same. Said conditional sales contract was duly filed for record in the office of the recorder of Marshall County, Iowa, on the 21st day of April, 1931, and properly recorded and indexed. Thereafter, and before the levy of said warrant upon said truck by the appellant sheriff, said conditional sales contract was duly assigned by the seller named therein to the appellee, and repossessed by the latter.

The question in the case is whether or not, under such a state of facts, the said Ford truck is subject to levy in the hands of the appellee for the tax and penalty assessed against the purchaser, Bert Alexander, by the State Board of Railroad Commissioners.

It is unnecessary for us in this case to determine whether the so-called "tax" which a motor carrier is required to pay under the statute is a tax or a license. However, as bearing upon this question, see Solberg v. Davenport, 211 Iowa 612; Smith v. Skow, 97 Iowa 640. We are not particularly aided in a consideration of the question before us by the provisions of the statute respecting taxes against real estate and the lien therefor, or by the statutes regarding taxes against personalty and the enforcement of the same as a lien. In the case under consideration, the matter appears to be controlled by the language of Code Section 5105-a50, supra. This statute is plain. It provides that the tax and penalties which are imposed against a motor carrier shall be a *first* lien on *all* the property of the motor carrier. The constitutionality of this statute is not challenged in this case, and we expressly reserve any pronouncement in regard thereto. This statute differs from most other statutes respecting taxes in that it is specifically provided therein that this particular tax is to be "a *first* lien upon *all the property* of the motor carrier." Not an exemption of any kind is recognized under this statute.

This being true, the inquiry in this case is resolved to the single proposition as to whether or not the truck in question was the property of the motor carrier at the time said tax was assessed against said carrier. The motor carrier took possession of said truck at the time the conditional sales contract was entered into. He had possession at the time the tax was assessed by the Board of Railroad Commissioners. He held possession of said truck under and by virtue of the conditional sales contract heretofore

referred to. Was said truck, under such conditions, the "property" of the motor carrier?

We have had occasion to consider conditional sales contracts especially in connection with our recording statutes. The general rule announced by this court is:

"To constitute a conditional sale, within the terms of the statute [recording act], there must be a delivery of possession to the purchaser, with the intention of passing immediate ownership, subject only to the reservation of title in the seller, as security for the purchase money." Firestone Tire & Rubber Co. v. Anderson, 190 Iowa 439.

Budlong v. Cottrell, 64 Iowa 234; Gaar, Scott & Co. v. Nichols, 115 Iowa 223; Davis Gas. Eng. Works Co. v. McHugh, 115 Iowa 415; Donnelly v. Mitchell, 119 Iowa 432; Amundson v. Standard Ptg. & Mfg. Co., 140 Iowa 464; Kammeier v. Chauvet, 186 Iowa 958; State v. A Certain Automobile, 208 Iowa 794; State v. One Certain Buick Sedan, 209 Iowa 791.

In view of this rule, we think it must be held that the motor carrier was the owner of said motor truck under the conditional sales contract, for the purposes of this statute.

In this connection, it is worthy of consideration that by the terms of the conditional sales contract the vendee motor carrier agreed "to keep said property free of all taxes, liens, and encumbrances." The parties evidently contemplated that the truck might be subject to a tax in the hands of the vendee.

The question, however, arises as to the extent of the property rights which the motor carrier had in said truck. To what "property" could the tax lien attach? By way of illustration: Assuming that the purchase price of the truck was $1,500 and that the motor carrier had paid only $500 on the purchase price under the conditional sales contract, could the tax in question be enforced against the truck itself by seizure and sale thereof, or could said tax and penalty be enforced only against the interest which the motor carrier had in said truck? In other words, under the statute, what is the "property" which the motor carrier had in said truck?

It is true that, under the statute, after the purchase of the Ford truck, the tax in question became a lien upon "all the property" of the said Bert Alexander. However, it is apparent that

the only property which the said Bert Alexander had in the said Ford truck was the right to acquire the title thereto by performing the condition provided for in the sales contract. The title to the truck was held by the vendor under the said conditional sales contract. Alexander had "property" interest to the extent of a contractual right to acquire title by performance of the terms of the conditional sales contract. Before Alexander performed the terms of said contract and acquired title to the truck the appellee repossessed said truck under the conditional sales contract, as it had a right to do. This was before the tax was imposed and the truck levied on. At the time of levy the motor carrier, Alexander, had no property whatever in the truck. He had lost it all in a legal manner. Therefore, the lower court properly enjoined the sale of the truck.

The case is—Affirmed.

EVANS, STEVENS, ALBERT, and GRIMM, JJ., concur.

KINDIG and DE GRAFF, JJ., concur in result.