ERNEST HANSEN, Appellant, v. JACK KUHN, F. W. VAN DRUFF, doing business as NEW YORK FINANCE COMPANY, Appellee.

No. 44637.

APRIL 4, 1939.

Mayne & Mayne, for appellant.

Frank E. Northrop and Elmer Ogren, for appellee.

BLISS, J.—The controlling question in this case is whether the appellee, Van Druff, as the assignee from the vendor in a conditional sales contract of a motor truck to Kuhn, the vendee, was the "owner", under paragraph 8 of section 4863, of the Code of 1935, so as to be liable, under section 5026, to one injured by Kuhn in the operation of said truck. It is very questionable whether there is any liability under the facts attending the collision, as they appear from the record, but we believe the answer to the legal question above stated is decisive of the case. For clarity we will refer to Kuhn, as the defendant.

On November 13, 1935, the Quick Motors sold Kuhn a Ford truck for $494.52, of which he paid $75 then, and executed his promissory note for the balance, payable in twelve equal, month-

ly installments. Title to the truck was reserved in the seller for the purpose of securing to him the payment of the purchase price. For default in any payment, or for depreciation in value, or whenever the seller or assignee felt unsafe, he might take possession of the truck, and upon notice sell it at public auction and apply the proceeds on the debt, with any excess going to the vendee. There are certain other provisions and limitations in the contract, but none of them bear upon the question before us. On the day of their execution the seller assigned to the appellee the contract and the note. The contract was recorded. The truck was registered in the office of the county treasurer of Pottawattamie county, in the name of Kuhn, and the certificate of registration was issued. The truck was at all times thereafter in the possession of Kuhn. The contract was never in default, and the truck had at no time been repossessed by the seller or the assignee. On December 5, 1935, the defendant Kuhn while driving the truck on a highway a few miles east of Council Bluffs collided with another truck, thereby injuring the appellant who claimed he was riding in the defendant's truck.

Upon the appellee's objection that the contract did not show ownership of the truck in the appellee, or that it was being operated with his knowledge or consent, the trial court refused its admission, and also refused all other testimony as against the appellee. At the close of the appellant's testimony, the appellee moved for a directed verdict in his favor upon several grounds, but all were bottomed on the fact that he was not the owner of the truck. This motion was sustained generally, and judgment for the appellee was entered thereon.

I. Since the injury occurred prior to the adoption of the new motor vehicle act, by the 47th General Assembly, the definition of "owner" as found in paragraph 33 of section 1 of chapter 134 of the acts of that assembly, has no application. The appellant concedes that, under that definition, the appellant would have no standing, but he insists, that, under the definition as found in paragraph 8 of section 4863 of the Code of 1935, the appellee is liable, under section 5026 of that Code.

Paragraph 8 of section 4863 is in the words following:

" 'Owner' shall include any person having the lawful ownership, use or control, or the right to the use or control, of a

motor vehicle, under a lease or otherwise, for a period of ten or more successive days.''

Section 5026 provides:

''In all cases where damage is done by any car driven by * * * consent of the owner, by reason of negligence of the driver, the owner of the car shall be liable for such damage.''

Paragraph 8 of section 4863 does not purport to define the term ''owner''. It simply states that any person, who comes within the specification, therein stated, shall be included in the term ''owner''. The paragraph is not all inclusive.

It is not necessary for a decision of this case that we define the term ''owner'', or that we construe paragraph 8 of section 4863, in all its phases, or to determine all the possible classes of owners which might come within its purview. Our duty is limited to determining whether the appellee was such a person as the legislature intended to include within the term ''owner'' as specified in that paragraph.

To have been included therein the appellee must have had, either the ''lawful ownership, use or control'' of the truck under his contract, or he must have had ''the right to the use or control'' of the truck under his contract. In our judgment he was in neither status.

II. The transaction between the Quick Motors and Kuhn was undoubtedly a conditional sale. It was not a contract of bailment, nor was it a lease in the ordinarily accepted meaning of that term. Kuhn bought the truck. The only matter held in abeyance was the completed payment. He became the beneficial owner, the equitable owner, the substantial owner, immediately upon the execution of the contract. Only the naked title remained in the seller, subject to being completely divested, upon the receipt of the final deferred installment of the purchase price. Other than the matter of payment, such a sale transaction, is in nowise different from an absolute sale. The New Hampshire court, in Mercier v. Nashua Buick Co., 84 N. H. 59, 146 A. 165, 168, spoke of it thus:

''In its structure and contemplation a conditional sale is no different from any other completed sale. The property sold remains security for the debt, but the transaction of sale itself is a concluded one. The agreement divides itself into two separ-

ate parts, one of a fully effected sale and one of provision for securing payment. In this respect it is in full analogy with a sale in which the price is secured by a mortgage on the property sold."

The criterion by which to identify a conditional sale was announced by this court, in Bentley & Olmstead v. Snyder & Son, 101 Iowa 1, 6, 69 N. W. 1023, 1025, in this language:

"The first question presented involves a construction of the contract between Samuels and the Snyders. Appellant contends that it is a contract of bailment, while appellees say it is one of conditional sale. That there is a manifest distinction between delivery under bailment, with an option to purchase at a stated price, and a delivery under a contract of sale containing a reservation of ownership in the seller until the contract price is paid, is conceded; and the most infallible test by which to determine under which class the contract falls, is to ascertain whether there is a promise by the purchaser to pay for the goods delivered. If there is such promise, then, no matter under what form the transaction is disguised, it is held to be a conditional sale, and not a bailment."

If, under the contract, the possessor is clearly obligated to pay for the article sold, it is a conditional sales contract, even though the words "sell", "sold", or "sale" be absent from the writing. Maxwell Motor Sales Corporation v. Bankers Mortgage & Securities Co., 195 Iowa 384, 192 N. W. 19. A statement of the same principle may be found in Norwegian Plow Co. v. Clark, 102 Iowa 31, 70 N. W. 808; Henney Buggy Co. v. Cathels et al., 110 Iowa 24, 81 N. W. 164; Norton v. Fisher, 113 Iowa 595, 85 N. W. 801; Mahnke v. Marken Acres Co., 187 Iowa 762, 174 N. W. 669; General Motors Acceptance Corporation v. Whiteley, 217 Iowa 998, 252 N. W. 779; Hart v. Wood, 202 Iowa 58, 209 N. W. 430; Donnelly v. Mitchell, 119 Iowa 432, 93 N. W. 369.

Under the above stated test, the writing in this case was a conditional sale contract.

III. Having concluded that the contract was one of conditional sale, it must be determined what were the respective rights and obligations of the appellee and the defendant, pertaining to the truck, under the contract. Necessarily the naked

title remained in the seller, until transferred to the assignee. Such retention is an essential of a conditional sale contract. Brief in Johnson Forge Co. v. Leonard, 3 Pennewell, Del., 342, 51 A. 305, 57 L. R. A. 225, 94 Am. St. Rep. 94. But such title is retained solely for the purpose of security. The other attrib utes of ownership, such as possession, use, control, or the right thereto, under such a contract, pass to the purchasing vendee. It is true there is, ordinarily, in the vendor or his assignee, a limited right of restriction in some of these matters, but save, as so limited, these rights of the vendee are absolute. In setting out the essence of a conditional sale, as contemplated in section 2905, Code of 1897 (section 10016, Code of 1935), we said, in Donnelly v. Mitchell, 119 Iowa 432, 436, 93 N. W. 369, 371:

"To constitute a conditional sale within the terms of the statute, there must be a delivery of possession to the purchaser, *with the intention of passing immediate ownership, subject only to the reservation of title to the seller as security for the purchase money.*" (Italics ours.)

We have since reaffirmed this principle, in Maxwell Motor Sales Corp. v. Bankers Mort. & Sec. Co., supra; Greenlease-Lied Motors v. Sadler, 216 Iowa 302, 308, 249 N. W. 383; Miller & Kizer v. Des Moines City Ry. Co., 196 Iowa 1033, 1036, 195 N. W. 600; Firestone Tire & Rubber Co. v. Anderson, 190 Iowa 439, 180 N. W. 273; Handlan-Buck Mfg. Co. v. Waterloo Drop Forge Co., 173 Iowa 452, 460, 155 N. W. 802; Kammeier v. Chauvet et al., 186 Iowa 958, 171 N. W. 165; State v. A Certain Automobile, 208 Iowa 794, 226 N. W. 48; Universal Credit Co. v. Mamminga, 214 Iowa 1135, 243 N. W. 513.

In Miller & Kizer v. Des Moines City Ry. Co., supra, the plaintiff was operating a motorbus, which it had purchased and was paying for under a conditional sale contract. While so operating the bus there was a collision between the bus and a streetcar of the defendant, and action was brought by the vendee under the contract to recover damages. Subsequent to the collision in question, the bus was again involved in an accident, and the vendor then took possession of it. In the action the defendant alleged that the plaintiff was not entitled to recover, since the vendor in the contract and not the plaintiff was the owner. In holding that the plaintiff-vendee was the owner, and entitled

to recover, this court said [196 Iowa 1033, 1036, 195 N. W. 601] :

"The contract in this case constituted a conditional sale, where there was a delivery of possession to the vendee, with the intention of passing immediate ownership, subject only to the reservation of the title in the seller as security for the purchase money which was to be paid, and which was evidenced by the promissory notes of the vendee, executed and delivered to the vendor. At the time of the accident, this status was retained, and at said time a right of action immediately accrued to the appellee for the injury incurred, assuming that there was liability on the part of appellant for such injury. It is the contention of appellant that appellee lost the right to recover for these injuries before the commencement of this action, and that at said time appellee was not the real party in interest."

In State v. A Certain Automobile, 208 Iowa 794, 795, 226 N. W. 48, 49, the defendant automobile had been sold under a conditional sale contract to a vendee who used it in "rum running". When it was seized by the state and was about to be forfeited, the vendor in the contract claimed it as the "owner". In adversely disposing of the claimant's contention, we said:

"It is admitted that the sale contract was not recorded prior to the seizure. While there may be other questions in the case, it may readily be disposed of on a single proposition. Was the claimant the owner of the automobile or a mere lien holder? If the latter, then, of course, the judgment of forfeiture must be sustained. We think it was clearly the intention of the seller, under the terms of the conditional sale contract, to transfer immediate ownership of the automobile to the purchaser, subject only to reservation of the title in it as security for the purchase price. This constituted a conditional sale, under the definition many times repeated by this court, and the claimant, failing to prove that the contract, which gave it a lien only, was recorded prior to the seizure, must fail. * * *

"The purchaser was given the immediate possession of the automobile, and caused it to be registered in his name, and a license to be issued to him as owner. This was with the permission of the seller. Nothing remained to be done by the purchaser but to make payment according to the terms of the contract."

An analogous case, and one very much in point, is Whitney v. Employers Indemnity Corporation, 200 Iowa 25, 28, 202 N. W. 236, 238, 41 A. L. R. 495. In that case, one Fenlon, had been an employee of a grocery company which employed a fleet of trucks, in its business. The defendant was its liability insurance carrier. Fenlon purchased one of these trucks of the grocery company by a conditional sales contract, under which the company retained title, and was to deduct $50 a month from Fenlon's commissions as salesman, until the car was paid for. Later Fenlon quit the employ of the grocery company but retained possession of the car under an agreement to continue the installment payments. Thereafter while operating the car he had a collision with a car of the plaintiff, who sued Fenlon and the grocery company. The latter was given a directed verdict, but judgment was recovered against Fenlon. The plaintiff then sued the Indemnity Co. to recover the amount of the unpaid judgment. The automobile was at all times one listed in the liability insurance policy. Clause L of the policy was as follows:

"While the automobile covered by this policy is being used with the express or implied consent of the assured named in the policy * * * it is agreed that any insurance granted by this policy shall, in addition to the said named assured, inure to the benefit of any person responsible for the operation of the said automobile."

In holding that the vendor, in the conditional sales contract, who was the named assured in the policy, was not the owner of the car, and therefore could not consent to its use, and that the insurer could not therefore be liable, we said:

"To determine whether or not the aforesaid omnibus clause, L, is applicable to the situation before us, we of necessity must determine what the relation was between the grocery company and Fenlon.

"Plaintiff says that Fenlon was operating the car with the consent, either expressed or implied, of the grocery company. To successfully maintain this contention, the grocery company's relation to said car must be shown to be such that they were in a position to give their consent. In other words, if Fenlon absolutely owned the car, the consent or want of consent on the part of the grocery company would have nothing to do with this lawsuit.

"Fenlon's possession of the car is best explained in these words, taken from an exhibit in the case:

"'We will lend you this Ford roadster car, engine No. 5146187, at a monthly rental of $50 per month, which amount will be deducted from your earnings each month, and when such payment shall amount to $606.76 we will give you title to the car. Above amount covers fire, theft and liability insurance, license and extra tire.' * * *

"The final analysis of the whole case must turn upon the question of who was the owner of the car at the time the policy of insurance sued on herein was issued, and at the time of the accident, which was four days later. If the grocery company was the owner of the car at the time, it could have given the consent required by the omnibus clause L. If it was not the owner, then, of course, the omnibus clause L would not operate, and there would be no basis for the operation of clause e. * * *

"It is our conclusion that, at the time in controversy herein, the grocery company was not the owner of the car, within the meaning of the first paragraph hereinbefore referred to, and that, not being the owner of the car, it was not in a position to give the consent provided for in paragraph L, the omnibus clause. Plaintiff, therefore, showed no cause of action against the defendant herein, and the district court rightfully directed the verdict in favor of the defendant."

Without doubt there have been innumerable motor vehicles sold and financed on conditional sales contracts, leases, "trust receipts" (General Motors Acceptance Corporation v. Whiteley, 217 Iowa 998, 252 N. W. 779, supra), "trade acceptances" (Firestone Tire & Rubber Co. v. Anderson, 190 Iowa 439, 180 N. W. 273, supra), and similar writings. And no doubt damages have resulted from their operation, but we have found but one other reported case similar to this one. That case arose in Rhode Island, which has a statutory provision very similar to section 5026 of the 1935 Code. It is Lennon v. L. A. W. Acceptance Corporation of Rhode Island, 48 R. I. 363, 138 A. 215, 217. In holding that the assignee of a conditional sales contract was not the owner of the automobile sold, and was not liable to the plaintiff for its negligent operation, in the hands of the vendee, the court said:

"It is clear that the owner referred to in section 27 is the

buyer, not the seller, as the latter could give no valid consent to a third person to use the buyer's vehicle. So, when section 3 provides an increased liability for damage done by operation of the vehicle with the consent of the owner, we think the owner intended therein is the buyer. The Legislature presumably intended to increase the security for injury caused by negligent operation, not to add uncertain and indefinite burdens to the sale of automobiles. For the reasons stated, our decision is that defendant, the automobile finance corporation, is not the owner of the automobile, within the meaning of said section 3.''

We will not further extend this opinion with citation of authority from other jurisdictions, in view of the definite holdings of this court. But wherever the question has come up for decision, the courts have quite uniformly held that the purchaser under the contract was the owner. We call attention to State v. One Pontiac Coach Automobile, 55 S. D. 8, 224 N. W. 176; Western Chevrolet Co. v. Zehnpfennig, 56 S. D. 451, 229 N. W. 307; Daugherty v. Thomas, 174 Mich. 371, 140 N. W. 615, 45 L. R. A. (N. S.) 699, Ann. Cas. 1915A, 1163; Coombes v. Letcher, 104 Mont. 371, 66 P. 2d 769; Hunt v. Century Indemnity Co., R. I., 192 A. 799, 112 A. L. R. 902; Lacey v. Great Northern Ry. Co., 70 Mont. 346, 225 P. 808, 36 A. L. R. 1331. As stated by the Maryland court, in Universal Credit Co. v. Marks, 164 Md. 130, 163 A. 810, 812:

''Although the seller has retained the legal title as security for the payment of the residue of the purchase price, *the buyer is the substantial owner.*'' (Italics ours.)

▪ IV. The appellant also urges that since the 47th General Assembly, by section 1, paragraph 33, and by section 82 of chapter 134 of its Acts, expressly exempted the vendor in a conditional sales contract from liability for the negligent operation of the motor vehicle sold to the vendee, the General Assembly, by these later enactments, thereby legislatively construed section 4863 of the 1935 Code as including the vendor in a conditional sales contract as the ''owner'' of the motor vehicle sold. This conclusion is a non sequitur—it does not follow. It must be kept in mind that chapter 134 is a complete revision of the motor vehicle statutes of the state. In such case the rule of construction is not the same as when a particular section or

a limited part of an act is re-enacted. As stated in 59 C. J., section 647 (3), page 1098:

"While the presumption of an intent to change the law is fairly strong in the case of an isolated, independent amendment, it is of little force in the case of amendments adopted in a general revision or codification of the laws, as in such case the change of phraseology may be due to a rearrangement of the statutes or to a desire to improve the style. The presumption of an intention to change the law falls * * * or when the amendment is made to express more clearly the original legislative intent; and while a radical change in the phraseology of the statute amended is generally to be regarded as a legislative declaration that the law so amended did not as originally framed embrace the amended provision, an amendment making a statute directly applicable to a particular case is not a conclusive admission by the legislature that the statute did not originally cover such a case, nor does the fact that the legislature amended a statute to incorporate in detail and in specific terms the meaning it had already been construed to have show that it formerly had no such meaning."

To the same effect, see Slutts v. Dana, 138 Iowa 244, 250, 115 N. W. 1115, 1118, wherein we said:

"While a legislative construction of an act is entitled to due consideration from the courts, it is by no means binding; *and whenever it appears that the so-called construing act may have been passed simply for the purpose of removing doubt from previous acts the court should so consider it. And such was, in our judgment, the purpose of the chapter."* (Italics ours.)

It is our conclusion that the appellee was not an "owner" under the provisions of said section 4863, for he was neither the owner, possessor or user of the truck, and neither did he have any right to exercise any such control over the truck. The defendant Kuhn was the vendee, the registered owner, in possession of the truck, and in no way in default under his contract.

The reasoning of the appellant is rather farfetched. He contends:

"Quick Motors and its assignee, Van Druff, were respon-

sible for putting the defendant, Kuhn, on the highway with this truck. They should, therefore, be responsible for the damage he did. * * * Theirs should be the duty to ascertain whether or not the vendee is responsible before turning him loose on public highways with a dangerous instrumentality, and if they fail in this duty, theirs should be the liability to those whom he maims or kills.''

We cannot follow him so far. Such a principle would make not only the vendor of a motor vehicle in a conditional sales contract liable, but also every person who sold an automobile, the negligent operation of which resulted in injury. It would make every automobile dealer the liability insurer of every one of his purchasers.

The judgment of the able trial court was right and it is affirmed.— Affirmed.

MITCHELL, C. J., and RICHARDS, HAMILTON, SAGER, HALE, OLIVER, MILLER, and STIGER, JJ., concur.