MATHWIG, Respondent, vs. MANN, Appellant, and BETH HAMIDROSCH HAGODOL CONGREGATION and others, Respondents.

|  |  |
|---|---|
| 96 | 213 |
| 103 | 287 |

*April 13 — April 30, 1897.*

*Mechanics' liens: Mortgages: Priority: Recording act.*

1. One having a mechanic's lien upon a building is not a "purchaser in good faith," etc., within the meaning of sec. 2241, R. S., providing that an unrecorded conveyance shall be void as against a subsequent purchaser in good faith and for a valuable consideration whose conveyance is first duly recorded.
2. A mechanic's lien which, by sec. 3314, S. & B. Ann. Stats., is prior to any lien originating subsequent to the commencement of the construction of the building, is not prior to a mortgage executed before, but not recorded until after, such construction was commenced.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

The facts are fully stated in the opinion.

For the appellant there were briefs by *Timlin & Glicksman*, and oral argument by *Nathan Glicksman*. To the point that the mortgage was the prior lien even though not re-

corded until after the mechanics' liens had attached, they cited *Rose v. Munie*, 4 Cal. 173; *Miller v. Stoddard*, 50 Minn. 272; *S. C.* 54 id. 486; *Fletcher v. Kelly*, 88 Iowa, 475; *Nashua Trust Co. v. W. S. Edwards Mfg. Co.* 68 N. W. Rep. 587.

For the respondents there was a brief signed by *Nath. Pereles & Sons*, attorneys for *Biersach* and another, *Fiebing & Killilea*, attorneys for *Mathwig* and others, *Julius E. Roehr*, attorney for the *Kellers*, and *Edwin F. J. Goldsmith*, of counsel; and the cause was argued orally by *Mr. Goldsmith*. They contended, *inter alia*, that the respondents, by commencing the erection of the building before the recording of the mortgage, thereby acquired priority over it. *Chapman v. Wadleigh*, 33 Wis. 267; *Rees v. Ludington*, 13 id. 276; *Wisconsin Planing Mill Co. v. Schuda*, 72 id. 283; *Vilas v. McDonough Mfg. Co.* 91 Wis. 607.

CASSODAY, C. J. This action was commenced November 11, 1893, to enforce liens for labor performed and materials furnished by the plaintiff and the defendants — other than the defendant *Mann* and the church corporation — in the aggregate amount of $3,747.05, and to have such liens adjudged prior and superior to the mortgages in favor of the defendant *Mann*. *Mann* answered, and, in effect, denied that his mortgages were subsequent and subordinate to such other liens, and claimed that they were prior and superior thereto.

Upon the trial before J. F. Harper, as referee, he found, as matters of fact, in effect, that the defendant *Beth Hamidrosch Hagodol Congregation* was at all the times mentioned a religious corporation, and on and prior to May 13, 1893, was the owner in fee simple of the lot described, being less than an acre, subject to an existing mortgage thereon of $3,000; that at that time there were situated on said premises two dwelling houses and several sheds and outbuildings; that, for the purpose of building a house of worship thereon,

the members of the congregation, at a meeting called for that purpose, May 13, 1893, by a resolution adopted, authorized its trustees to borrow of the defendant *David S. Mann*, for the purpose of building its proposed temple, $12,000 for the term of five years, and thereby authorized its president, secretary, and trustees to execute, sign, and deliver to *Mann*, in behalf of the corporation, as securities for the payment of said $12,000 and interest, two notes and two mortgages of $6,000 each; that May 17, 1893, the corporation, by its president, secretary, and trustees, in pursuance of such resolution, made and executed its two promissory notes, each . bearing date on that day, in and by which the corporation promised to pay to the order of *David S. Mann* the sum of $6,000 five years after date, with interest as therein stated; that May 17, 1893, the corporation, by the same officers, in pursuance of such resolution, signed and executed, each under its corporate seal, two mortgages, each on said premises, to secure said notes, respectively; that said notes and mortgages so executed, signed, witnessed, and acknowledged were, at Milwaukee, May 17, 1893, delivered by said corporation to said *Mann*, who then and there accepted the same, and said *Mann* then and there, in consideration of the same, advanced, loaned, and passed to the credit of said corporation the whole sum of $12,000; that by an arrangement by and between the corporation and one Weil, acting as agent for *Mann*, it was agreed that said sum of $12,000 should be held by Weil for the benefit of, and subject to the order of, the corporation, and should be paid out upon the demand of the corporation, as such corporation might. order; that upon the order of the corporation there was paid out of said $12,000 the sum of $3,010 to the holder and owner of the previously existing mortgage on said premises, in full payment of the principal sum thereof and interest thereupon, and said previously existing mortgage was satisfied and canceled of record; that the corporation employed *Keller & Son*

to remove the two dwelling houses situated on the premises, and to do certain work of remodeling, repairing, and refitting said dwelling houses when they should be so removed, and that such work was commenced May 18, 1893, *and not before;* that the corporation engaged the plaintiff and the several other defendants for the performance of certain work and labor, and the furnishing of certain materials, in and about the erection and construction of the church building on said real estate, which work and labor were performed and which materials were furnished as therein stated; that the construction and erection of said church building was commenced May 19, 1893, *and not before,* and no work was done in or about the erection or construction of said church building upon said real estate before May 19, 1893; that all of said sum of $12,000 was, upon the order of the corporation, paid by Weil to the contractors, laborers, and material men for work and labor performed and materials furnished in and about the removing, remodeling, and repairing of said two dwelling houses on said real estate, and in and about the erection and construction of said church building on said real estate, except $258.65 and the sum of $3,010 so paid in discharge of the previously existing mortgage thereon; that said two mortgages were each duly recorded May 20, 1893; that *Mann* is still the lawful holder and owner of said notes and mortgages, and no part thereof has been paid, except the interest accruing on and before May 17, 1895; that *Keller & Son* had a lien thereon for $1,847.42, commencing May 18, 1893; that the plaintiff had a lien thereon for $437.94, commencing May 24, 1893; that the defendant *William Grether* had a lien thereon for $803.77, commencing May 19, 1893; that the defendants *Biersach & Niedermeyer* had a lien thereon for $354.52, commencing May 19, 1893; that the defendant *Charles H. Koehler* had a lien thereon for $303.40, commencing May 24, 1893.

And as conclusions of law the referee found that said sev-

eral liens for labor and materials attached May 18, 19, and 24, 1893, as found; that said mortgages became and constituted a lien upon said real estate, and attached thereto as such lien, May 17, 1893, and became at such time a lien thereupon to the amount of $12,000 and the interest subsequently accruing thereon; that such liens of said mortgages originated from the time of their execution and delivery, May 17, 1893, and originated and took entire effect as a lien upon said real estate before the commencement of the work of removing, remodeling, and repairing said dwelling houses, and before the commencement, erection, or construction of said church building, and constituted a lien upon said real estate prior and superior to any and all of the liens for work or labor done or materials furnished, adjudged therein to the parties to this action.

The trial court ordered that the findings of fact made and reported by the referee be, and the same thereby were, confirmed and adopted as the findings of the court herein, and that each and all of the exceptions thereto be overruled; but the court differed with the referee only in the conclusions of law upon the findings of fact reported by him. The court was of the opinion that, as to the mechanic's lien claims, the lien of the mortgages attached to the real estate May 20, 1893, when the mortgages were recorded, instead of attaching thereto on the day of their delivery, and modified the conclusions of the referee accordingly, and ordered that such mechanics' liens be adjudged prior and superior to the liens of said mortgages; and that in all other respects said conclusions of law reported by said referee be, and the same thereby were, confirmed. Judgment was ordered to be entered thereon accordingly. From those portions of the judgment so entered thereon which are adverse to the defendant *David S. Mann,* he brings this appeal.

There is no question but that the mortgages were both properly executed and delivered by the corporation to the

Mathwig vs. Mann and others.

appellant *Mann*, May 17, 1893. They were conveyances, within the meaning of the statutes, and had the effect of conveying "the land therein described, together with all the rights, privileges and appurtenances thereunto belonging, in pledge to the mortgagee, his heirs, assigns and legal representatives, for the payment of the indebtedness therein" and thereby secured. R. S. secs. 2203, 2209, 2242. The only effect of such failure of *Mann* to record his mortgages for three days after they were executed and delivered to him was the liability of having the same become "void as against any subsequent purchaser in good faith, and for a valuable consideration, of the same real estate, or any portion thereof, whose conveyance" should first be duly recorded. R. S. sec. 2241. Manifestly, none of the parties here claiming liens for labor performed and materials furnished are subsequent purchasers in good faith and for a valuable consideration, within the meaning of this statute. *Butler v. Bank of Mazeppa*, 94 Wis. 351. The statute giving the liens to such laborers and material men is very plain, and cannot well be misunderstood. It is to the effect that such lien claimants shall have a lien upon such building, and upon the interest of the owner thereof in and to the land upon which the same is situated, and "such lien shall be prior to any other lien which originates *subsequent to the commencement of the construction*" of such building. S. & B. Ann. Stats. sec. 3314. The mortgages in question were both executed and delivered, and the money for the repayment of which they were given to secure, and the whole thereof, was actually advanced *prior* to the commencement of the construction of the church building, and hence the liens for such labor and materials were necessarily subject to the liens of the mortgages. The language of the statute giving such liens will admit of no other construction, and the authorities on the subject are to the same effect. *Rees v. Ludington*, 13 Wis. 276; *Jessup v. Stone*, 13 Wis. 466; *Wis. Planing Mill Co. v. Schuda*, 72

Wis. 277.   A learned author on such liens says: "Recording
is not necessary to give the mortgage priority of such lien
under recording acts which make the recording necessary
only as against subsequent purchasers and mortgagees. Thus,
where a mechanic's lien attaches to property by the com-
mencement of work upon the premises after the execution
of a mortgage, but before the recording of it, the mortgage
is superior, by virtue of the prior execution." 2 Jones, Liens
(2d ed.), § 1460.   This language is applicable to our statutes.
The judgment, under our statute, is only upon "the interest
of the owner in the premises *at the time* of the commence-
ment of the construction  .  .  .  of the building." S. & B.
Ann. Stats. sec. 3324.

*By the Court.*— The portions of the judgment of the cir--
cuit court which *Mann* appeals from are reversed, and the
cause is remanded for further proceedings in accordance
with this opinion.