CITY OF BOSCOBEL, Respondent, vs. MUSCODA MANUFAC-
TURING COMPANY, Appellant.

*June 1—September 23, 1921.*

*Sales: Machinery annexed to real estate: Transfer of title: Risk*
*. of loss: Conditional sale.*

1. A contract, valid under the statute of frauds, for the sale of
   machinery so annexed to the freehold as to be a part thereof,
   and which provided that the buyer might remove the ma-
   chinery within a designated time upon the payment of the
   balance of the purchase price, should be treated and construed
   as a contract relating to personal property.
2. Under sec. 1684*t*—18, Stats., providing that the property in
   specific goods is transferred to the buyer at such time as the
   parties intend, and sec. 1684*t*—19, rule 1, providing that, un-
   less a different intention appears, an unconditional contract to
   . sell specific goods in a deliverable state passes the property
   to the buyer when the contract is made, though the time of
   payment or of delivery, or both, be postponed, a contract of
   sale of the equipment of a power plant for a sum payable part
   in cash and part before taking such equipment from a building
   in which it was situated, which was to be done before a
   specified date, passed title to the buyer, and the risk of loss
   was on him, under sec. 1684*t*—22.
3. While a sale by the terms of which the purchaser is to pay cash
   on delivery is in a sense conditional, the distinguishing feature
   of a conditional sale, as that term is used and understood, is a
   sale by which the title to the goods is to remain in the seller
   until the payment of the price but the possession and use of
   the goods are with the purchaser until there is a default in
   payment.

APPEAL from a judgment of the circuit court for La
Crosse county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

Contract. The plaintiff city was the owner of two en-
gines and two steam pumps and other equipment formerly
used by it in connection with its municipal lighting plant.
The defendant is engaged in the manufacturing business in
the city of *Boscobel,* and on December 23d the parties en-
tered into the following contract:

"Boscobel, Wis., 12/23, 1919.

"Sold to *Muscoda Mfg. Co.,* Muscoda, Wis.

"The power plant formerly used by the city of *Boscobel* as an electric light plant, consisting of 2 boilers, 2 engines, 2 steam pumps, water heaters, and all other equipment and fittings that go with outfit.

"*Muscoda Mfg. Co.* agrees to pay the sum of $1,800 for the outfit, to be paid $200 cash, which is hereby paid, and the balance, $1,600, to be paid before taking out the plant, and plant is to be taken out before June 1, 1920. *Muscoda Mfg. Co.* is to repair buildings where boiler is to be taken out in as good shape as before.

"CITY OF BOSCOBEL,

"By John Scheinpflug, Mayor.

"MUSCODA MFG. CO.,

"By B. L. Marcus, Pres."

At the time of the execution and delivery of the contract and the payment of $200 the property was situated within a frame building covered with sheet iron. At the time of the sale the city had insurance upon the property which was not canceled but which expired by the terms of the contract of insurance on the 27th day of February, 1920. On February 12th the George L. Hunt Manufacturing Company leased from the city a part of the building in which the property was situated. The Hunt Manufacturing Company was engaged in the manufacture of a brake mandrel. A part of the process consisted of painting, and in order to furnish additional heat it installed a stove in the northerly end of the building. On March 12, 1920, the building was burned and the property covered by the contract was practically destroyed, being worthless for any purpose except junk. This suit is brought by the plaintiff to recover the remainder of the purchase price, amounting to $1,600, with interest. There was judgment for the plaintiff, from which the defendant appeals.

For the appellant there was a brief by *Blaine & Kemp* of Boscobel, attorneys, and *Daniel H. Grady* of Portage, of

counsel; and the cause was argued orally by *Mr. H. E. G. Kemp* and *Mr. Grady.*

For the respondent there was a brief by *R. M. Orchard* of Boscobel, attorney, and *J. E. Barnett* of Lancaster, *C. F. Whiffen* of Boscobel, and *Andrew Lees* of La Crosse, of counsel; and the cause was argued orally by *Mr. Orchard.*

The following opinion was filed July 13, 1921:

Rosenberry, J. Two principal questions are raised upon the appeal: First, Did the contract of December 23, 1919, vest the title to the property in the defendant? Second, Did the court err in refusing to submit to the jury the question of whether or not the plaintiff was guilty of negligence in permitting its lessee, the George L. Hunt Manufacturing Company, to maintain upon the premises an unsafe stove and thereby materially increase the hazard to which the property of the defendant was subjected?

A preliminary question was suggested upon the argument as to whether or not the situation was affected by reason of the fact that the property which formed the subject matter of the sale was a part of a building and so annexed to the freehold as to make its sale the transfer of an interest in real property. It is not claimed that the memorandum, even if the property be considered as an interest in real property, did not sufficiently comply with the requirement of the statute of frauds. The contract being valid, the property was by its terms to be severed from the land upon which it stood. The contract should therefore be treated and construed as a contract relating to personal property. *Wetkopsky v. New Haven G. L. Co.* 88 Conn. 1, 90 Atl. 30; 1 Williston, Contracts, § 520.

Whether or not the title to the goods described in the contract passed to the defendant depends upon the intention of the parties. Sec. 1684*t*—18, Stats. The contract itself does not in terms say when the title should pass. Recourse must

be had, therefore, to rules of construction. Sec. 1684*t*—19 establishes the rules for ascertaining the intention of the parties as·to the time at which the property in goods is to pass to the buyer where there is no specific provision in the contract. Rule 1:

"Where there is an unconditional contract to sell specific goods, in a deliverable state, the property in the goods passes to the buyer when the contract is made and it is immaterial whether the time of payment, or the time of delivery, or both, be postponed."

In this case the goods were ascertained and in a deliverable state. The buyer had the right at any time before June 1, 1920, upon payment of the remainder of the purchase price, to take the goods, and if the plaintiff had, upon tender being made to it, refused to deliver the goods, the right of the defendant to recover the same in an action of replevin would have been complete.

It is argued that the sale was conditional, that the payment of the remainder of the purchase price was a condition precedent to the right of the defendant to the possession of the property. While a sale by the terms of which the purchaser is to pay cash on delivery is in a sense conditional. (35 Cyc. 323), the distinguishing feature of a conditional sale, as that term is used and understood, means a sale by which the title to the goods is to remain in the seller until the payment of the price but the possession and use of the goods are with the purchaser until there is a default in payment. Sec. 1684*u*—1. The facts in this case bring it squarely within the provisions of Rule 1, and it must be held that the title to the goods passed to the defendant and the risk of loss was with it. Sec. 1684*t*—22, Stats.; *State ex rel. Vilas v. Wharton,* 117 Wis. 558, 94 N. W. 359; *Thayer v. Davis,* 75 Wis. 205, 43 N. W. 902.

We have carefully reviewed the evidence and are of the opinion that the trial court correctly held that there was no

evidence which would have sustained a finding by the jury that the plaintiff was guilty of a want of ordinary care in the management of its property, and further, that if it should be held that there was evidence as to a want of ordinary care there is no evidence to sustain a finding, if one should be made, that such want of ordinary care was the proximate cause of the injury which the defendant suffered by reason of the burning of the building. The claim is that the plaintiff was negligent in permitting its building to be occupied by the Hunt Manufacturing Company, particularly with reference to the use of a stove. That the defective character of the stove was the cause of the fire rests upon mere speculative inference, the evidence being almost if not quite conclusive that the fire did not originate by reason of the defective condition of the stove.

*By the Court.*—Judgment affirmed.

ESCHWEILER and OWEN, JJ., dissent.

A motion for a rehearing was denied, with $25 costs, on September 23, 1921.