Andersen Yard Company, Respondent, vs. Citizens State Bank of Rice Lake, imp., Appellant.

*April 8—May 12, 1925.*

*Marshaling assets and securities: One creditor with lien on two securities: Impairing lien of other creditors: Oral agreement between parties to mortgage: Effect on junior lienors: Mortgagee returning proceeds of insurance policies to mortgagor.*

1. When a mortgagee has a lien on two parcels of land, on one of which another person also has a lien, and the latter will be prejudiced by allowing the first lienor to satisfy his claim out of a parcel subject to both claims, a court of equity will compel the first lienor to take satisfaction out of land on which the other has no lien.  p. 62.

2. Though neither the mortgagee nor the mortgagor, in litigation between themselves, could testify as to a contemporaneous parol agreement made at the time of the execution of a note and mortgage, in litigation with a stranger not bound by the parol agreement the parties to such note and mortgage have the same right to introduce evidence of the parol agreement as has such stranger.  p. 64.

3. One furnishing materials for which he is entitled to a lien has a right to rely on the title of record in the office of the register of deeds, and is not bound by an unrecorded oral agreement existing between the mortgagor owner and a mortgagee. Such lien claimant has the right to assume, also, that when the mortgagee receives moneys paid as insurance on the mortgaged property it would apply the same to a reduction of the mortgage debt.  p. 65.

4. Where the defendant, holding a mortgage on two parcels of land, had orally agreed with the mortgagor that each parcel might be released from the mortgage on payment of a specified amount, and plaintiff thereafter acquired a mechanic's lien on one of such parcels, the action of defendant as a prior lienor and with knowledge of plaintiff's junior lien, in returning to the mortgagor insurance received for the destruction of a building situated on a parcel of land on which plaintiff had no lien, impaired the security of plaintiff as junior lienor and was contrary to the general rule as to the marshaling of assets.  p. 66.

Appeal from a judgment of the circuit court for Barron county: W. R. Foley, Circuit Judge. *Affirmed.*

The defendant bank held one mortgage upon two parcels of land, with buildings upon each, in the sum of $4,500. There was an oral agreement that the east parcel might be released from the mortgage upon the payment of $2,000 and interest and that the west parcel might be released upon the payment of $2,500 and interest. Between July 22 and October 16, 1920, the plaintiff company furnished materials to the owner of the lots in question, one Schneeberger, for the construction of an addition to the cheese factory upon the west lot, and within the statutory period the plaintiff filed a mechanic's lien for the same. On September 22, 1920, the east factory burned and insurance money to the extent of $3,975.14 came into the hands of the defendant bank, which retained $2,000 with interest and returned the remaining $1,709.14 to Schneeberger during the latter part of October, 1920. The defendant bank then foreclosed its mortgage and on the sale received $100 for the east lot and bid in the west lot and factory for the balance of the money due it, or $2,778.90. This action is brought by the plaintiff claiming that the oral agreement alleged by the defendant is void as contradicting the written instrument, and that at any rate the foreclosure of the east lot estops the bank from setting up the release; that the priority of the defendant bank can only extend to the difference between the amount due it and the total amount of money received by it from the property in question.

There was the testimony of the manager of the plaintiff company that he had discussed the situation with the officers of the defendant bank, and in this the officers agree. However, the officers of the bank contend that they did not know of the existence of a lien though they were aware of the improvements and that Schneeberger owed the plaintiff money, and that furthermore the payment of the surplus insurance money was made with the knowledge and consent of the plaintiff company.

The court found that the oral agreement to release the

parcels of land separately was void as contradicting the written instrument; that the payment of the surplus insurance money to Schneeberger was made by the defendant bank with knowledge of the lien of the plaintiff and without the knowledge or consent of the plaintiff; that the foreclosure of the east lot estopped the defendant from raising the question of the release, and held that the defendant had priority by reason of the mortgage only for the amount due it in excess of the money received by it from the property in question, with interest from the proper dates, *i. e.* $790.86, with interest of $55.76 to December 29, 1921, the date of the foreclosure sale, and this sum of $846.62 minus the $100 received from the east lot, with interest from December 29, 1921. The west lot and buildings, subject to the defendant's claim for $746.62 with interest, was held subject to the mechanic's lien of the plaintiff.

For the appellant the cause was submitted on the brief of *Coe Brothers* of Rice Lake.

For the respondent there was a brief by *Haven & Ashley* of Hudson, and oral argument by *Spencer Haven.*

JONES, J.   It is a familiar rule in equity that when a mortgagee has a lien on two parcels of land, on one of which another person has also a lien, and such other person will be prejudiced by allowing the first lienor to satisfy his claim out of the land subject to both claims, a court of equity will compel the latter to take satisfaction out of the land on which the other party has no lien. The rule has a broader application than this. As stated by Mr. Pomeroy in sec. 1414 of the third edition of his Equity Jurisprudence:

"The equitable remedy of marshaling securities, with that of marshaling assets, depends upon the principle that a person having two funds to satisfy his demands shall not, by his election, disappoint a party having but one fund. The general rule is that if one creditor, by virtue of a lien or interest, can resort to two funds, and another to one of them only—as, for example, where a mortgagee holds a prior

mortgage on two parcels of land, and a subsequent mortgage on but one of the parcels is given to another,—the former must seek satisfaction out of that fund which the latter cannot touch. If, therefore, the prior creditor resorts to the doubly charged fund, the subsequent creditor will be substituted, as far as possible, to his rights."

This interference with the strict legal rights of the prior lienor is based on the principle that justice requires that he should not arbitrarily or capriciously ignore the rights of another creditor of the same debtor having a less favored security.

The appellant's counsel do not question this general rule as to the marshaling of assets, but argue that it has no application to the facts of this case. The lien of the plaintiff attached on July 22, 1920, when the first material was furnished. At an early day this court construed the statute to mean that it gave a lien from the commencement of the building, equal in power and effect with the lien of another creditor who has obtained and docketed a judgment. *Rees v. Ludington,* 13 Wis. 276.

The findings of the court that the defendant had notice of this claim for a lien before making the payment to the mortgagor and that such payment was made without the plaintiff's consent are well sustained by the evidence. The testimony also shows that, in communications between the agent of the plaintiff and the officers of the defendant bank, the bank was made acquainted with the fact that the plaintiff was looking to the insurance money as a fund which would help to make its claim secure. The plaintiff had the right to entertain that expectation for the reason that the mortgagor had procured the insurance policies as additional security to the mortgagee, and when the bank received this insurance money it represented and stood for the building burned. The money was, in the hands of the bank, a part of the security for the debt. *Fergus v. Wilmarth,* 117 Ill. 542, 7 N. E. 508; *Powers v. New England F. Ins. Co.* 69 Vt. 494, 38 Atl. 148. Instead of applying the moneys thus received

on the mortgage indebtedness, the bank promptly paid to the mortgagor $1,709.14, doubtless believing it had the right so to do in carrying out the parol agreement contemporaneous with the mortgage. There is much discussion in the briefs as to the admissibility of evidence to establish that agreement. Although the trial judge found that such an agreement was made, he also found that it was void because it varied or contradicted the written agreement, the note, and the mortgage. Counsel for the appellant cite numerous cases to their proposition that the parol agreement had no such effect; for example, cases where parol evidence was received to prove how notes were to be paid, to show a different consideration than that stated in the writing or a parol guaranty on the assignment of a mortgage. We do not think these cases are authority for the proposition made. When the note and mortgage in question were executed they constituted an agreement between the parties that all the land mortgaged should stand as security for the indebtedness until paid. By contemporaneous parol agreement only part of the land was to stand as security after the payment of a specified amount. In other words, the parol agreement was not collateral to or independent of the writing, but a direct contradiction of it, and was open to all the objections which exist to receiving evidence to vary or contradict written instruments by evidence of contemporaneous parol agreements. But there are several exceptions to this general rule. Although neither of the parties in any litigation between themselves could be heard to give evidence contradicting or varying the written contract, this rule does not apply to strangers who have not assented to the writing. This is a rule recognized by all the works on evidence and by innumerable decisions. By the great weight of authority it is also held that, since strangers to the writing have the right to show the full nature of the transaction, parties to the written instrument must have the same right in litigation between themselves and strangers; that both must be bound by the

Andersen Yard Co. v. Citizens State Bank, 187 Wis. 60.

writing or neither. See the elaborate note in L. R. A. 1916A, pp. 603 *et seq.* Although evidence of this parol agreement may have been admissible, it does not follow that the plaintiff was bound by it.

The agreement was not known to the plaintiff and it had no reason to assume that any such understanding existed. The plaintiff had its claim for a lien, which was just as meritorious as the claim upon the mortgage although the latter was prior to the lien. There were telephone conversations between the officers of the two corporations from which it appears that the plaintiff was informed that the insurance money was expected to be paid and the defendant learned that the plaintiff expected to be paid from that source when the bank should receive the money. The record does not disclose on what day the bank paid over the $1,709.14 to the mortgagor, but it seems quite probable from the evidence and findings that it was paid by the bank the same day it was received. Counsel for the appellant argue that under the authority of *Mathwig v. Mann,* 96 Wis. 213, 71 N. W. 105, the plaintiff's claim is wholly subordinate to the mortgage, which was recorded before any material was furnished. Since that decision the lien statute has been amended and now provides that the lien "shall also be prior to any unrecorded mortgage given before the commencement of such construction, repairs, removal, or work, of which mortgage the person claiming the lien has no notice." Sec. 3314, Stats. 1919. The agreement on which the defendant relied in paying part of the proceeds of the insurance to the mortgagor rested merely in parol and of course was not recorded. The plaintiff had the right to rely on the record and was not bound by an unrecorded agreement between the mortgagor and the mortgagee. He had the right to assume that when the insurance money should be paid into the bank it would be so applied that his lien would not be impaired by a distribution of the fund contrary to the rule governing the rights of prior and junior incum-

brances in such cases. *Deuster v. McCamus,* 14 Wis. 307; *C. Gotzian & Co. v. Shakman,* 89 Wis. 52, 61 N. W. 304; *Union Nat. Bank v. Moline, Milburn & Stoddard Co.* 7 N. Dak. 201, 73 N. W. 527; 4 Pomeroy, Eq. Jur. (3d ed.) § 1414. It seems very clear that the conduct of the bank did impair the security of the plaintiff.

True, it is the general rule that in a proceeding for the marshaling of assets there must be no injury to the prior lienor. If the bank had acted with proper care and consideration for the rights of the plaintiff it would have suffered no injury by applying the insurance money on its mortgage. The trial court concluded that by paying part of the insurance money to the mortgagor at the time and in the manner it did, relying on its secret agreement and without disclosing such agreement to the plaintiff, the bank disregarded its duty to the junior lienor. With that view we agree. Nor do we think that under the circumstances the bank should be relieved from liability by reason of the fact that it suffers some loss in the marshaling of the assets.

It is contended by counsel for the respondent that by foreclosing its mortgage on the east factory site and collecting $100 the bank was estopped from claiming that the east factory site had been relieved from the mortgage, and the court so found. This foreclosure suit was commenced nearly a year after the transactions complained of by the plaintiff. The prosecution of the foreclosure was no doubt inconsistent with the defense made in this action, but we doubt whether the doctrine of estoppel can be applied. However, it is unnecessary to decide this question.

It is urged by the appellant that the court erred in failing to allow costs to the defendant and in failing to provide for a judgment for deficiency in favor of the bank, but we find no error in these respects.

*By the Court.*—Judgment affirmed.