BURNETT COUNTY ABSTRACT COMPANY, Respondent, vs. EAU CLAIRE CITIZENS LOAN & INVESTMENT COMPANY, Appellant.

*June 4—September 11, 1934.*

For the appellant there were briefs by *Frawley & Stolts,* attorneys, and *Victor M. Stolts* of counsel, all of Eau Claire, and oral argument by *Mr. Stolts.*

*F. E. Yates* of Amery, for the respondent.

The following opinion was filed June 26, 1934:

FRITZ, J. On June 15, 1932, Viola Hjort purchased from L. S. Sandberg an automobile, which he had on display as a dealer in his salesroom in Frederic, Polk county, Wisconsin. That purchase was made under a conditional sale contract, under which $483 were owing to Sandberg. On June 17, 1932, Sandberg sold and assigned that contract for value to the plaintiff and the latter, on June 22, 1932, duly filed it with the register of deeds of Polk county. There was evidence that the automobile had been in the exclusive possession of Sandberg from May 22, 1932, until he delivered it to Miss Hjort on June 15, 1932, and it is undisputed that it continued in her possession in Polk county until the defendant seized it without her consent on August 19, 1932. Because of that seizure plaintiff commenced this action for conversion on August 31, 1932. Defendant claimed to be entitled to that automobile by reason of the sale and assignment by Sandberg of another conditional sale contract, which was signed on May 26, 1932, by William Janshen, and which defendant acquired for $320 on May 27, 1932. It filed that contract on June 17, 1932, with the register of deeds of Washburn county. In that contract, Janshen, who resided in Washburn county and was employed by Sandberg as a salesman, acknowledged delivery and possession of the automobile, and promised to pay a balance of $380 on the purchase-price.

On the trial several other employees of Sandberg testified that Janshen never had possession of the automobile. Jan-

shen did not testify on the trial. In an affidavit, which was not used until on defendant's motion for a new trial, he stated that he had executed that contract at Sandberg's request, but that it was never his intention to purchase the automobile and that he never had it in his possession. On the other hand, in a deposition, which was also used on the motion for a new trial, Janshen testified that on the afternoon of the day on which he entered into that contract with Sandberg, he obtained possession of the automobile; that he had it that night and returned it the next afternoon for repairs; that he was to get it back in ten days, but when he returned Sandberg had resold it without his having authorized him to do so, or his having relinquished his possession or right thereto.

At the conclusion of the trial the court found:

"That on May 26, 1932, said Sandberg wrote out a conditional sales contract on this car, and one William Janshen who lived in Washburn county, Wisconsin, a salesman for Sandberg, signed it as a supposed purchaser thereof. That this contract recites that Janshen paid $280 as an initial payment on the purchase price, but Janshen paid nothing as an initial payment. That the contract also recites that possession has been delivered to the purchaser but Janshen never had possession of this car in fact. That Sandberg continued in the exclusive possession of the car and he and his employees used it every day in his business until June 15, 1932."

Those findings were well supported by the evidence which was introduced on the trial. That evidence is in conflict with the testimony of Janshen in a deposition, which was subsequently relied on by defendant in support of a motion for a new trial, but there is also such an irreconcilable conflict between that testimony and a prior sworn statement to the contrary in an affidavit which he made, that it was for the trial court to determine which of his conflicting statements were true. At all events, it cannot rightly be said that

the court's findings are contrary to the great weight and clear preponderance of the evidence submitted on the trial, and, consequently, as they were not based upon incompetent or irrelevant evidence, they cannot be set aside on appeal. *Interior Woodwork Co. v. Buhler,* 207 Wis. 1, 6, 238 N. W. 822. Upon those findings the court concluded that, as the automobile was never delivered to Janshen, and there was no such change of possession after the alleged sale to him as is necessary to complete and make valid a conditional sale contract, the contract upon which defendant relied was fraudulent and void. Pursuant to that conclusion the court held that plaintiff was entitled to judgment for the recovery of the value of the automobile from the defendant.

On this appeal defendant contends that the court erred in finding that the contract upon which defendant relied was void. In that connection defendant claims that because delivery and acceptance of the automobile were acknowledged by Janshen in the contract which he signed, parol evidence was not admissible and cannot be considered by the court to vary the terms of that contract in the absence of allegations of fraud or mistake. However, as this court said in *Andersen Yard Co. v. Citizens State Bank,* 187 Wis. 60, 64, 203 N. W. 921,—

"Although neither of the parties in any litigation between themselves could be heard to give evidence contradicting or varying the written contract, this rule does not apply to strangers who have not assented to the writing. This is a rule recognized by all the works on evidence and by innumerable decisions." See also 22 C. J. p. 1291, § 1725; Jones, Evidence (3d ed.), p. 687, art. 449.

Consequently, it was proper to consider the evidence which established that the automobile had never been delivered to or in the possession of Janshen. The language used in ch. 122, Stats., indicates that, in order to have a valid conditional sale, there must be delivery which vests possession in the vendee. Thus in that chapter there is the follow-

ing language in respect to the delivery of possession. In sec. 122.01 (1), which defines a "conditional sale," there are the words, "Any contract for the sale of goods under which possession is delivered to the buyer;" and sec. 122.04 reads, "Every provision in a conditional sale reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons, except as otherwise provided in this chapter."

Those words, "under which possession is delivered to the buyer" (sec. 122.01 (1)), and, "after possession of the goods is delivered to the buyer" (sec. 122.04), manifestly contemplate that delivery of possession to the buyer is an essential element of a conditional sale. That is recognized in the statement in *Boscobel v. Muscoda Mfg. Co.* 175 Wis. 62, 183 N. W. 963, that—

"While a sale by the terms of which the purchaser is to pay cash on delivery is in a sense conditional, the distinguishing feature of a conditional sale, as that term is used and understood, means a sale by which the title to the goods is to remain in the seller until the payment of the price, but the possession and use of the goods are with the purchaser until there is a default in payment."

See also *Universal Credit Co. v. Mamminga,* 214 Iowa, 1135, 243 N. W. 513; *Firestone Tire & Rubber Co. v. Anderson,* 190 Iowa, 439, 180 N. W. 273; *Gump Investment Co. v. Jackson,* 142 Va. 190, 128 S. E. 506, 47 A. L. R. 82; *Maxson v. Ashland Iron Works,* 85 Oreg. 345, 166 Pac. 37, 167 Pac. 271; 55 C. J. pp. 1193, 1169b.

Furthermore, sec. 241.05, Stats., which seems applicable to all sales of personal property whether conditional or otherwise, provides that every sale of goods and chattels in the vendor's possession or control "shall be presumed to be fraudulent and void," as against the vendor's or assignor's creditors, or subsequent purchasers in good faith, "unless the same be accompanied by an immediate delivery and be followed by an actual and continued change of possession of

the thing sold or assigned," and shall be conclusive evidence of fraud unless it shall be made to appear on the part of the person claiming under such sale that it was made in good faith and without intent to defraud such creditors or purchasers. Likewise, under those provisions, because the alleged sale to Janshen was not accompanied by an immediate delivery and followed by an actual and continued change of possession, it is presumed to be fraudulent and void as against Miss Hjort and the plaintiff, who were subsequent purchasers in good faith.

On the other hand, defendant contends that, if the alleged sale to Janshen was void, the ownership of the automobile was in Sandberg on May 27, 1932, when he gave defendant an assignment, which provided that he "does hereby sell, assign and transfer" to the defendant his "right, title and interest in and to the within contract and the property covered thereby;" and that the defendant thereby, on May 27, 1932, became the owner of the automobile, and Sandberg had no right or title thereto which he could transfer thereafter to either Miss Hjort or the plaintiff. Those contentions are clearly fallacious, because manifestly Sandberg's assignment to the defendant was not intended to be a bill of sale. It was given merely to secure the repayment to the defendant of the money which it advanced to Sandberg, and was not given to evidence an absolute sale of the automobile to the defendant. Consequently, at most, that assignment was in legal effect but a chattel mortgage, and it must be treated as such in all respects. *Carpenter v. Forbes,* 211 Wis. 648, 651, 247 N. W. 857, and cases there cited. So, in order to be valid as a chattel mortgage against any other person than the parties thereto, it was necessary, in the absence of a change in the possession of the automobile by an actual delivery to the defendant, for it to have that instrument filed under sec. 241.10, Stats., with the register of deeds of the county in which the automobile was situated.

*Carpenter v. Forbes, supra.* That was never done. The assignment was never filed with the register of deeds of Polk county, which was the county in which the automobile was situated on May 27, 1932, when the defendant obtained that assignment, and which continued to be the situs thereof thereafter, including June 15, 1932, when it was sold and possession thereof was delivered by Sandberg to Miss Hjort; June 17, 1932, when Sandberg assigned the Hjort conditional sale contract to plaintiff; and June 22, 1932, when plaintiff filed the Hjort contract with the register of deeds of Polk county. On June 17, 1932, defendant did file the sham Janshen contract, with the assignment indorsed thereon, in the office of the register of deeds of Washburn county, but that was of no avail because the automobile was never situated in Washburn county, or in the possession of Janshen. Consequently that assignment from Sandberg to the defendant was invalid as against Miss Hjort and the plaintiff, and as against them the defendant failed to acquire thereby any right, title, or interest in the automobile.

Defendant also assigns as error the denial of its motion for a new trial, which was made after judgment and was based principally on Janshen's testimony taken by deposition. The record discloses that the motion received careful consideration by the trial judge, and that his conclusions that Janshen's testimony "is so overborn by the testimony of other witnesses and is so discredited by his own affidavit introduced by the plaintiff that it is not worthy of serious consideration," and that there was "no sufficient reason for disturbing the judgment entered," were proper in all respects.

*By the Court.*—The judgment and the order denying defendant's motion after judgment for a new trial are affirmed.

A motion for a rehearing was denied, with $25 costs, on September 11, 1934.