### UNITED STATES v. BLESER et al.

#### Civ. No. 349.

District Court, E. D. Wisconsin.

Sept. 4, 1940.

654

B. J. Husting, U. S. Dist. Atty., of Milwaukee, Wis., for the United States.

Churchill, Churchill, Davis & Rapkin, of Milwaukee, Wis., for Marshall & Ilsley Bank.

Richardson, Robertson, Reeder & Stearns, of Milwaukee, Wis., for Myrtle S. Bleser.

Miller, Mack & Fairchild, of Milwaukee, Wis., for New England Mut. Life Ins. Co.

DUFFY, District Judge.

Between the dates of December 30, 1925, and December 9, 1927, Daniel C. Bleser took out five insurance policies on his life for the face value of $45,000. The beneficiary named in said policies was the Estate of Daniel C. Bleser. Marshall and Ilsley Bank (hereafter called "the bank") is the owner and holder of a note with a balance of principal now due in excess of $41,000. This note was executed by Bleser Investment Company, and was endorsed by Daniel C. Bleser who is now deceased. On May 16, 1937, the policies of life insurance on the life of Daniel C. Bleser were assigned by him to the bank as collateral for the note heretofore mentioned. The policies in question were delivered to and are now in the possession of the bank. On November 10, 1939, about two weeks before the death of Daniel C. Bleser, the beneficiary in said policies was changed to Myrtle S. Bleser, the wife of Daniel C. Bleser. At said date the cash surrender value of said policies was in excess of $14,000. There can be no question but that Daniel C. Bleser was insolvent on said date.

In addition to the policies of life insurance, Daniel C. Bleser deposited other securities as collateral to said note, all of which were in his name. Also there was deposited 50 shares of common stock of the International Harvester Company and 49,900 shares of stock of the Manitowoc Products Company, both of which were in the name of Bleser Investment Company, the maker of the note.

The note had a provision authorizing the holder to sell and assign any and all of the collateral which had been deposited, at public or private sale, without notice.

The plaintiff, United States of America, obtained a lien for taxes against the Estate

of Daniel C. Bleser in a sum in excess of $100,000. This claim has been allowed by the County Court of Manitowoc County, and plaintiff contends that such claim is entitled to priority. The date when the government obtained its lien was nearly three years after the date of the pledge of the collateral including the life insurance policies.

The plaintiff has commenced this action setting forth most of the facts hereinbefore described. It also alleges that the change in beneficiary was made by Daniel C. Bleser while he was insolvent and for the purpose of defrauding creditors; and that payments of premiums upon said policies were likewise transfer of assets for the purpose of defrauding creditors. The complaint alleges that said policies are about to be paid and demands judgment (a) vacating and setting aside the change in beneficiary; (b) for the enforcement of plaintiff's tax lien; (c) for the appointment of a receiver to collect the proceeds of said policies pending the determination of the cause; (d) that all defendants be restrained from transferring, assigning or disposing in any manner the proceeds of the policies; (e) that the proceeds of said policies, or such portion thereof as the court may find equitable, be paid to plaintiff in partial satisfaction of its tax claim; (f) for other and further relief as may be just and equitable. On August 15, 1940, plaintiff obtained an order to show cause why a temporary injunction should not be issued; a temporary restraining order was entered.

It is the contention of the plaintiff that, to maintain a status quo, a temporary injunction should be issued restraining any disposition of the proceeds of the insurance policies. Plaintiff also asks for the appointment of a receiver to hold such proceeds pending the outcome of this action. On the oral argument the plaintiff contended it was entitled to have a marshaling of the assets and securities which belonged to Daniel C. Bleser and which were deposited with the bank as collateral.

■ At most, the plaintiff can only be concerned with the cash surrender value of the policies at the date when the change in beneficiary was made. This has been established by a decision of the Wisconsin Supreme Court in First Wisconsin National Bank v. Roehling, 224 Wis. 316, 269 N.W. 677, 272 N.W. 664. Therefore, if any restraining order is proper at all,

it should not cover the difference between the cash surrender value and the face value of said policies, as under the Wisconsin rule such difference is not considered "property" which can be fraudulently transferred.

■ The equitable remedy of marshaling assets and securities is well stated in Pomeroy on Equity Jurisdiction, Section 1414, which quotation is cited with approval by the Wisconsin Supreme Court in Andersen Yard Company v. Citizens' State Bank of Rice Lake, 187 Wis. 60, 62, 203 N.W. 921, 922: "The general rule is that if one creditor, by virtue of a lien or interest, can resort to two funds, and another to one of them only—as, for example, where a mortgagee holds a prior mortgage on two parcels of land, and a subsequent mortgage on but one of the parcels is given to another—the former must seek satisfaction out of that fund which the latter cannot touch." The court in the same case says (page 66 of 187 Wis., page 923 of 203 N.W.): "True, it is the general rule that in a proceeding for the marshaling of assets there must be no injury to the prior lienor."

The bank here claims that it would be damaged if it were compelled to resort to other securities which were pledged, and argues that the proceeds of the insurance policies are readily available and that it should be permitted to reimburse itself from that source. The Wisconsin Supreme Court in Estate of Snell (Gilbert v. Crane), 227 Wis. 455, 467, 279 N.W. 24, 29, cites the following quotation with approval: "The doctrine of marshalling assets being a rule of equity and having its foundation in principles of natural justice, its application will not be inforced when it would so operate as to work substantial injustice or injury to any party in interest. Thus marshalling will not be applied to the detriment of a third person having an equity equal or superior to that of the person seeking to invoke the rule."

■ It is well stated in 38 C.J. p. 1367: "* * * the right to marshal is a mere equity; its enforcement is governed by the principles of equity, called into action by the benevolence of the court in the sound judicial discretion of the court." Citing Smith v. Wait, 39 Wis. 512, 514

The case at bar is not one where the court should attempt to marshal the assets. "As a general rule, before the doctrine of marshaling assets will be applied, there

must be two funds or properties, at the time that the equitable relief is sought, belonging to the common debtor of both creditors, on both of which funds one party has a claim or lien, and on one only of which the other party has a claim or lien." 38 C.J. 1372.

As to the securities which were in the name of Bleser Investment Company, there is not a common debtor to both creditors. As to the balance of the securities, both the bank and the United States Government have a lien against all of them. There is no part of said securities where the bank has a lien against all and the plaintiff against only a portion thereof.

Motion for a temporary injunction will therefore be denied, and the temporary restraining order heretofore entered will be vacated.