UNITED STATES of America,
Plaintiff,

v.

André G. LeMAY d/b/a LeMay Wood
Products & Keshena Hardware Plumb-
ing & Heating, et al., Defendants.

No. 71-C-548.

United States District Court,
E. D. Wisconsin.

May 2, 1972.

David J. Cannon, U. S. Atty., by Da-
vid B. Bukey, Milwaukee, Wis., for
plaintiff.

Aschenbrener & Koenig, Shawano,
Wis., for André and Frances LeMay.

Daniel F. Aschenbrener, Dist. Atty.,
Shawano, Wis., for Menominee County.

Frederic C. Eberlein, Shawano, Wis.,
for Citizens State Bank of Shawano.

Whyte, Hirschboeck, Minahan, Hard-
ing & Harding, S.C., by Richard E.
Braun, Milwaukee, Wis., for Thorp Fi-
nance Corp.

Genrich, Terwilliger, Wakeen, Piehler
& Conway, by Neil M. Conway, Wausau,
Wis., for Able Plumbing & Distributing
Co.

Robert W. Warren, Atty. Gen., by William H. Silker, Asst. Atty. Gen., Madison, Wis., for State of Wisconsin.

No appearances for O.K. Credit Reporting Service, FWD Credit Union, Mike Wallrich & Sons, Inc.

## DECISION

MYRON L. GORDON, District Judge.

In its answer to the complaint, the defendant Citizens State Bank seeks an order directing the plaintiff to marshal assets; resolution of the bank's application is the only impediment to the granting of the relief sought by the plaintiff.

■ On September 16, 1966, the defendants André and Frances LeMay signed two notes in favor of the Small Business Administration, an agency of the plaintiff, in exchange for loans by the SBA of $5,000 and $15,000; the LeMays promised to repay the $5,000 sum within six years at an annual interest rate of 5½%, and to repay the $15,000 sum within 15 years at an annual interest rate of 4%. The indebtedness represented by the notes was secured by a mortgage, also executed on September 16, 1966, on real *and personal property* owned by the LeMays and located in Menominee County, Wisconsin; the mortgage was recorded on December 2, 1966.

The complaint in the present action alleges that the LeMays have failed to make the periodic payments called for by their notes; the plaintiff seeks a declaration that certain of the principal and interest represented by the notes is due and owing and an order directing the sale of the mortgaged property. On February 28, 1972, the plaintiff filed an application for judgment and, on March 13, 1972, after an oral hearing, a decision on the plaintiff's application was deferred pending the resolution of the present motion to marshal assets.

The complaint avers that the Citizens State Bank has a mortgage covering the same real property upon which the SBA has its mortgage; the plaintiff also asserts that the bank was made a defendant

". . . by virtue of a Judgment docketed in the records of the Clerk of Court of Menominee County, Wisconsin, which judgment was rendered April 28, 1970, and docketed November 19, 1970, and which purports to be a lien upon the property covered by the said mortgage but that such lien is wholly inferior and subordinate to the right and claim of the Plaintiff."

The bank does not dispute the plaintiff's contention that the bank's mortgage is subordinate to the mortgage given by the LeMays to the SBA. The plaintiff does not contest the bank's assertion that the plaintiff has a security interest in both real and personal property, whereas the bank's lien affects only the real property. The bank argues that the doctrine of marshaling should be applied so as to compel the plaintiff first to exhaust its security interest in the personal property and thus to protect as much as possible the bank's interest in the "common fund," or the real estate; in the alternative, the bank seeks to be subrogated to the plaintiff's interest in the personalty.

■ "The equitable doctrine of marshalling rests upon the principle that a creditor having two funds to satisfy his debt may not, by his application of them to his demand, defeat another creditor, who may resort to only one of the funds." Sowell v. Federal Reserve Bank, 268 U.S. 449, 456, 45 S.Ct. 528, 530, 69 L.Ed. 1041 (1925). See also Meyer v. United States, 375 U.S. 233, 236, 84 S.Ct. 318, 11 L.Ed.2d 293 (1963); United States v. Bleser, 34 F. Supp. 653, 655 (E.D.Wis.1940); Anderson Yard Co. v. Citizens State Bank, 187 Wis. 60, 62, 203 N.W. 921 (1925). Thus, marshaling can be ordered when, as in the case at bar, one of two creditors has access to a fund separate from the "common fund" to which both creditors have recourse. In re Beacon Distributors, Inc., 441 F.2d 547, 548 (1st Cir. 1971). In the application of the doctrine, the United States and its agen-

cies "are on an equal basis with other creditors." United States Fidelity & Guaranty Co. v. Long, 214 F.Supp. 307, 319 (Or.1963). See also United States v. Lord, 155 F.Supp. 105, 110 (N.H. 1957).

The plaintiff argues that the doctrine should not be invoked in this case "because of the fact that a deficiency will still result even when the personal property is added to the real property." The plaintiff also contends that marshaling should not be ordered if prejudice or injury to the senior lien holder will result. The defendant bank, on the other hand, asserts that the plaintiff has offered no proof to establish that the plaintiff's claims would not be satisfied if both the real and personal property were sold; the bank also declares that the plaintiff will not be prejudiced if marshaling is ordered.

In my opinion, the defendant bank's application should be granted. The plaintiff states in its complaint that its mortgage is junior both to a mortgage held by the Farmers Home Administration and to a lien for taxes in favor of Menominee County; nevertheless, I believe that there has been an insufficient showing that the assertion of the plaintiff's lien against both the real and personal property will result in a deficiency such that no real property will remain out of which any of the bank's claims can be satisfied.

■ It does not appear that the plaintiff will be prejudiced by an order to marshal. Notwithstanding the decision of the court in Victor Gruen Associates, Inc. v. Glass, 338 F.2d 826 (9th Cir. 1964), cited by the plaintiff, I am not persuaded that in this case the plaintiff will be subjected to a substantial risk of loss if it is compelled to marshal the debtors' assets. Moreover, mere delay in enforcing a prior lienor's rights is not sufficient "to compel the court to deny the relief when no other injury is involved." C. Gotzia & Co. v. Shakman, 89 Wis. 52, 59, 61 N.W. 304, 306

(1894). Finally, there is no evidence to indicate that application of the doctrine will work an injustice to other of the LeMays' secured creditors. See United States v. Bleser, 34 F.Supp. 653, 655 (E.D.Wis.1940); Estate of Snell, 227 Wis. 455, 467, 279 N.W. 24 (1938).

If the plaintiff exhausts the available assets in satisfying its lien, the advantage to the bank which would otherwise result from marshaling will be lost; however, such possibility does not preclude marshaling for, as stated in Goss v. Lester, 1 Wis. 43, 54 (1853), the doctrine permits the "single-fund" creditor to seek

"... to have the fund upon which he has no lien applied, as far as it will go, in satisfaction of the first mortgage, to the end that his sole fund may, if possible, be left clear to him."

Cf. In re Einhorn Bros., Inc., 171 F. Supp. 655, 660 (E.D.Pa.1959), aff'd 272 F.2d 434 (3d Cir. 1959).

Finally, I believe that the following statement from United States v. Lord, 155 F.Supp. 105, 111 (N.H.1957), is appropriate to the case at bar:

"Since there are creditors who rank behind the United States in the disposition of the real estate, equity would seem to require an order directing that the Government's claim be satisfied by first exhausting its lien against the personalty, thus reducing the burden on the realty to the benefit of the subordinate creditors."

See also Worth v. Hill, 14 Wis. 607, 611 (1861).

Therefore, I conclude that the application of the defendant Citizens State Bank for an order directing the plaintiff to marshal assets should be granted. The plaintiff is requested to prepare an amended order for judgment in accordance with the foregoing decision and present it to the court for signature, after first exhibiting it to counsel for the bank for approval as to form.