**In the Matter of MULTIPLE SERVICES INDUSTRIES, INC. f/k/a Pollasky Engineering, Space Manufacturing, Multiple Services, Debtor.**

**Bankruptcy No. 80–01859.**

United States Bankruptcy Court,
E. D. Wisconsin.

March 25, 1982.

Margaret Dee McGarity, Milwaukee, Wis., for trustee.

Russell A. Eisenberg, Milwaukee, Wis., for First Wisconsin Nat. Bank of Mequon.

MEMORANDUM DECISION

C. N. CLEVERT, Bankruptcy Judge.

In an attempt to preserve funds for unsecured claimants, Multiple Services Indus-

tries' (MSI) bankruptcy trustee filed a motion asking that the First Wisconsin National Bank of Mequon (Bank) be ordered to marshal its security to satisfy its $52,950.14 claim against the bankruptcy estate. In response to the motion, the Bank stated that it did not object to marshaling security consisting of two life insurance policies with cash values totalling $4,290.00 and a certificate of deposit in the amount of $13,052.00. On the other hand, the Bank objected to marshaling a second mortgage it holds on a residence believed to be valued at $128,000.00, arguing that it would have to bring a foreclosure action; it would incur considerable expense and delay; and, after satisfaction of the $95,000.00 first mortgage, it would run a risk that its claim would not be satisfied. Furthermore, the Bank argued that marshaling would bring a result which neither it nor MSI's principal officers and stockholders contemplated at the time the second mortgage was given.

 The doctrine of marshaling assets "... rest[s] upon the principle that a creditor having two funds to satisfy his debt, may not by his application of them to his demand, defeat another creditor, who may resort to only one of the funds." *Sowell v. Federal Reserve Bank*, 268 U.S. 449, 456–457, 45 S.Ct. 528, 530, 69 L.Ed. 1041 (1925). Federal and state courts in Wisconsin have applied this equitable doctrine and have ordered marshaling to protect common funds. *U.S. v. Le May*, 346 F.Supp. 328 (E.D.Wis. 1972); *U. S. v. Bleser*, 34 F.Supp. 653 (E.D. Wis.1940); *Moser Paper Company v. North Shore Publishing Company*, 83 Wis.2d 852, 266 N.W.2d 411 (1978); *C. Gotzian & Co. v. Shakman*, 89 Wis. 52, 61 N.W. 304 (1894).

> As a general rule before a court of equity will marshal assets and securities between two creditors, it must appear that (1) they are creditors of the same debtor, (2) that there are two funds belonging to that debtor, and (3) that one of them alone has the right to resort to both funds. 83 Wis.2d at 861–862, 266 N.W.2d at 416 (citing with approval 58 Am. Jur.2d, *Marshaling Assets*, § 7 (1970); 55 C.J.S., *Marshaling Assets and Securities*,

§ 6 (1948)). *Moser Paper Company v. North Shore Paper Company*, 83 Wis.2d at 861–862, 266 N.W.2d 411.

However, the Wisconsin Supreme Court observed in the *Moser* case that the common debtor requirement may be waived where there are additional equitable considerations. *Id.* at 863, 266 N.W.2d at 417.

In keeping with that observation the Wisconsin Supreme Court found that the officers and principal shareholders of North Shore Publishing Company made a capital contribution when they guaranteed the corporation's debts and granted mortgages on their residences in order to get working capital for the business. Relying heavily on the fact that the mortgages directly secured North Shore's debt, the court stated:

> We hold that under these circumstances the mortgages created a fund which equity will consider a fund of North Shore itself. Under these circumstances, the marshaling of assets doctrine is appropriate. *Id.* at 864, 266 N.W.2d at 418.

At least one bankruptcy court outside Wisconsin has followed *Moser*. *Farmers and Merchants Bank v. Gibson*, 7 B.R. 437 (Bkrtcy.N.D.Fla.1980). In *Gibson*, as here, the corporate debtor's officer and shareholder guaranteed a bank loan for working capital which was secured by a second mortgage on his home. After the corporation filed bankruptcy the Chapter 7 trustee sought and obtained an order directing the bank to marshal assets and substantially satisfy its debt from the officer's real estate before looking to the corporation's property. In his decision Judge Sauls wrote:

> Here, the foreseeable and likely result of obtaining such working capital, partly on the strength of the guarantor's personal liability and any property which the guarantor may have specifically pledged to secure such guaranty, is the inducement of others to innocently commence or continue to extend supplies or services to the principal on credit.
>
> Upon the failure of the business and in a marshaling context, the balance of equities tip in favor of the creditors of the principal as against the guaranty claim-

ant with respect to any individually owned property which was specifically pledged to secure the guaranty and obtain working capital. Unlike the ordinary nonbusiness related guaranty case, here, the courts, in view of the "additional equitable considerations", conclude that the individually owned property must be regarded in equity as a contribution to capital.

[Citations omitted] 7 B.R. at 441.

This court is mindful that this view was criticized in *Stuhley v. Small Business Administration (In re United Medical Research, Inc.)* 12 B.R. 941, 24 C.B.C. 445 (Bkrtcy. C.D. Calif. 1981) where the trustee's marshaling complaint was dismissed in the absence of "fraud, overreaching or other inequitable conduct." *Id.* 12 B.R. 941, 24 C.B.C. at 450. However, this court is not swayed by the *Stuhley* case or its apparent misapplication of *Frasher v. Robinson*, 458 F.2d 492 (9th Cir. 1972), and of *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939).

Citing 53 Am.Jur.2d *Marshaling Assets* § 4 as authority, the Bank has argued that marshaling should not be required because there is a risk that its claim can not be satisfied from the proceeds of a foreclosure sale. However, a similar argument based upon the case of *Victor Gruen Associates, Inc. v. Glass*, 338 F.2d 826 (9th Cir. 1964) was rejected by District Judge Myron Gordon in the absence of proof that marshaling would result in a deficiency to the secured party. *United States v. Le May*, 346 F.Supp. at 330. Furthermore, Judge Gordon found that a delay in enforcing rights, such as that associated with a real estate foreclosure, does not require that marshaling be denied.

For the foregoing reasons, the trustee's application for an order directing the First Wisconsin Bank of Mequon to marshal assets is granted, conditioned upon the trustee maintaining funds in her account in an amount sufficient to pay the claim of the Bank.

It is so Ordered.